## R. S. VANWEY ET AL. v. THE STATE.

RECOGNIZANCE—PRACTICE.—The recognizance in bailable cases of appeal to the Supreme Court, must name the offense charged in the indictment, or so describe it as that it may be identified as being the one alleged.

APPEAL from Red River. Tried below before the Hon. James Q. Chenoweth.

*Clark S. Todd*, for appellants.

*A. J. Peeler, Assistant Attorney General,* for the State.

REEVES, ASSOCIATE JUSTICE.—The State, by her assistant attorney general, moves the court to dismiss the appeal in this case for the want of a sufficient recognizance.

The indictment charges that appellant Vanwey and his associated justices, composing the County Court of Red River county, willfully neglected to publish in the Clarksville Times or in the Clarksville Standard a quarterly statement of the expenditures, assets, and indebtedness of the county commencing on the 31st day of December, 1873, and continuing three months, &c., as required by law.

The first section of the act of March 8, 1873, makes it the duty of the County Courts to cause said statements to be published on the 1st day of July and the 31st day of December of each year; that in July to be made by posting at the door of the court house for two months, and that on the 31st day of December once in the newspaper published in the county, having the largest circulation.

In Vanwey's recognizance it is recited that "he is charged by bill of indictment with the offense of not publishing quarterly report." The same description of the offense is given in J. N. Peak's recognizance. In the recognizance taken of W. W. Giddens, it is recited that "he was charged with the offense of not publishing report," omitting the word "quarterly."

The act of April 26, 1871, prescribes the form of a recognizance in bailable cases of appeal to the Supreme Court, and provides that the Supreme Court shall not entertain jurisdiction of any case requiring a recognizance that does not substantially comply with the form. (Paschal's Dig., arts. 6599, 6600.)

If it can be said that any one of the recognizances contains the charge of an offense, it is not identified by any name or by any description as being the offense charged in the in-

dictment. It may apply as well to the July statement to be published by posting as to the December statement, which was required to be published in a newspaper. The offense as charged in the indictment was for neglecting to publish in a newspaper. The recognizance should have named the same offense or should have described it so that the offense might be identified as being the one alleged in the indictment. This not having been done, this court is without jurisdiction of the case, and the motion to dismiss must be sustained.

It might well be contended that the indictment was defective in so far as it is alleged that the newspaper publication was not continued three months. The statute does not require that the publication shall be continued three months. It only requires that the statement for December shall be published once in a newspaper, and not that it shall be continued for three months.

It may be doubted whether the facts support the charge that appellant willfully neglected to make the publication, but as this court has no jurisdiction of the case, that question will not be discussed.

The motion is sustained and the appeal dismissed.

DISMISSED.