### W. MUNCH v. THE STATE.

1. RETAILING LIQUORS — REPEAL. — The several acts set out in Paschal's Digest, article 2075 *et seq.*, have, with respect to license for retailing liquors, been superseded by subsequent legislation; and under the laws now in force there is no such offense as "retailing liquor without license."

2. RECOGNIZANCE. — A recital in the recognizance that the cognizor is charged with "retailing liquor without license" designated no offense against the

laws of the state; nor does it describe the offense of selling spirituous, vinous, or other intoxicating liquors in quantities less than a quart, without having paid the tax imposed therefor.

APPEAL from the County Court of Colorado. Tried below before the Hon. J. W. JOHNSON, County Judge.

*Foard & Thompson*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WINKLER, J.  The assistant attorney general moves the court to dismiss the appeal herein on three several grounds set out in the motion, to wit:

1. The recognizance does not show that the appellant is charged with any offense known to the laws of this state.

2. The recognizance does not specify with what offense the appellant is charged, nor the name of the offense for which the appellant was tried and convicted.

3. This court has no jurisdiction of this appeal.

In *Vanwey v. The State*, 44 Texas, 112, which is the last reported case decided by the Supreme Court of the state on this subject, and in which three several recognizances were considered on a motion to dismiss the appeal for want of a sufficient recognizance, it was said: "If it can be said that any one of the recognizances contains the charge of an offense, it is not identified by any name or by any description as being the offense charged in the indictment.  *  *  * The recognizance should have named the same offense, or should have described it so that the offense might be identified as being the one alleged in the indictment.  This not having been done, this court is without jurisdiction of the case, and the motion to dismiss must be sustained."

In *Coney v. The State*, 1 Texas Ct. App. 62, where a similar motion was considered by this court, it was held that the 1st section of the act of April 26, 1871, found in

Paschal's Digest, article 6599, does not repeal the third clause of article 263 of the Code of Criminal Procedure, which provides "that it appear by the recognizance that the defendant is accused of an offense against the laws of the state." Pasc. Dig., art. 2731.

In the present case the offense set out in the indictment is as follows: "That one William Munch, late of the county aforesaid, with force and arms, in the county and state aforesaid, on the first day of September, A. D. 1876, did willfully and unlawfully pursue the occupation of a retail liquor dealer, without having first paid his tax and obtained a license so to do, and did then and there retail spirituous liquors in quantities less than a quart, and did then and there sell to one D. Stoutmeyer one pint of whisky, being then and there spirituous liquors."

The offense set out in the recognizance is stated to be "the offense of retailing liquor without license."

By the act of March 13, 1875 (Acts Fourteenth Legislature, 2d Sess. 94), it is provided "that any person who shall pursue or follow any occupation, calling, or profession, or do any act taxed by law, without first obtaining a license therefor, shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be fined in any sum not less than the amount of the tax so due, and not more than double that sum." By this act it is also provided that a tax receipt for said tax shall be a sufficient license to follow such occupation, calling, or profession.

This act, it is believed, would hold one liable who should engage in any of the taxed occupations, callings, or professions, without first having paid the tax imposed, but that no further _license_ is required than the procurement of a receipt from the proper officer for the legal tax imposed upon the particular occupation, calling, or profession. Under the 2d section of this act, the payment of the tax after engaging in the occupation, calling, or profession would

prevent a prosecution, or the payment of the tax and costs after prosecution had been commenced would cause a dismissal of the prosecution at any time before conviction. Evidently, then, the primary object of this act is not so much the enforcement of the penalty as to secure the payment of the tax, indictment being auxiliary to the civil remedies afforded to enforce payment of the tax imposed.

By the law in force at the time the offense here charged was alleged to have been committed (Acts 1873, p. 200, sec. 3), the occupation of selling spirituous, vinous, malt, and other intoxicating liquors, in quantities less than a quart, was taxed $200. The act of 1873 on this subject is identical with the law now in force, except that the word *malt*, embraced in the former law, is dropped in the present, and the tax on the occupation is fixed at $250 instead of $200, as in the act of 1873.

The several acts on the subject of retailing liquor without license, as set out in article 423 *d* of the Penal Code, and following (Pasc. Dig., art. 2075), have been superseded by subsequent legislation, in so far as the procuring of a license is required; so that there is not now any such offense as retailing liquor without a license, as set out in the recognizance under consideration, known to the laws of this state.

If the party here indicted was liable, it was under the act of 1875, above referred to, for failing to pay the occupation tax required by law, the receipt for such tax being the only license required. The recognizance in this case does not charge any offense known to the law, as required by the Code, nor does it name the same offense as charged in the indictment, nor so describe it as that the offense may be identified as being the same as charged therein, as required in the case of *Vanwey* v. *The State*, above cited.

For these reasons the motion of the attorney for the state must prevail, and for the want of a sufficient recognizance this appeal must be dismissed.

*Appeal dismissed.*