No. 89.—JOHN A. TUCKER and others, plaintiffs in error, *vs.*
    SACKET DAVIS and POTTER, defendants in error.

[1.] A bail bond contained the following condition : "Now, if the said G and
    J, in case they are cast, in their said suit, shall render their bodies to prison,
    in execution of the law, in terms of the law, in such case made and provi-
    ded; and upon failure thereof, the said securities will do it for them":
    *Held*, that it was illegal and void, because there was a condition omitted,
    which was beneficial to the bail, and one inserted, which was to his preju-
    dice ; the condition prescribed by law, being, that the principal, in the event
    of his being cast in his suit, shall pay the debt or surrender his body, in ex-
    ecution; or on failure, the bail shall pay it for him.

*Scire Facias*, in Stewart Superior Court. Tried before
Judge CRAWFORD, April Term, 1854.

This was a *sci. fa.* against bail, on the civil side of the Court.
At the return term, the counsel for the bail moved to dismiss
the proceeding, on the grounds—

1st. That the condition of the bond is not conformable to
law, in this—that it does not bind the bail to pay the amount
of plaintiff's demand, on failure to produce the bodies of de-
fendants. The bond was in double the amount of the debt,
and was conditioned to be void, on the production and rendi-
tion of the defendants in execution.

2d. Because the said bond requires the defendants in the
case to appear, to answer the plaintiffs in an action of debt,
when two of the counts in the action are in *assumpsit*, on dis-
tinct causes of action, and not in debt.

3d. Because counts in *assumpsi and debt*, cannot be joined
in the same action, as is attempted in the original cause in this
case.

The following is the condition of the bond : "Now if the said
Goodman and Jerome, in case they are cast in their said suit,
shall render their bodies to prison in execution of the law, in
terms of the law, in such case made and provided, and upon
failure thereof, the said securities will do it for them—then the
above bond to be void," &c.

The Court refused the motion, and this decision is assigned as error.

The bail then filed two pleas—1st. That the debt had been paid since the judgment. 2d. That the defendants in the original action have both departed this life, since the rendition of judgment; and insisted, that the cause did not stand for trial, at that term. The Court ordered the cause to trial, and this decision is assigned as error.

Judge BENNING having been formerly of counsel in this case, did not preside.

S. JONES and B. K. HARRISON, for plaintiffs in error, *ex parte.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

There are three points made in the bill of exceptions. It is only necessary to consider one of them.

[1.] The bail excepts to the legality of the bond, upon which it is proposed to charge him. The condition of the bond is, that the principal shall, in the event of his being cast, surrender his body in execution; or, on failure, the security shall do it for him; whereas, the form of the bond prescribed by law is, that the principal shall pay the debt, surrender himself in execution, or the bail shall pay it for him.

Here, then, there is a stipulation omitted, namely : that the principal may discharge the obligation, by paying the debt, which is for the benefit of the bail; and one is inserted, which is not authorized, and which is prejudicial to the bail, namely : that upon failure of the principal, to surrender his body, that the bail will do it. The law imposes no such duty; he may discharge himself, by surrendering his principal to the jail or Sheriff; he is not bound to do so.

Now, the doctrine is this : if a bond contains a condition not required by the law, but which is beneficial to the security, it does not vitiate the bond; but if a condition is inserted, not

Tucker and others *vs.* Davis and Potter.

warranted by the law, and which is onerous to the security, or omits one for his benefit, the instrument is void.

The application of these tests, to this paper, is fatal to it.

We are constrained, therefore, to reverse the judgment below, and send the cause back, with directions to enter a nonsuit.