### IN THE

# Supreme Court of the State of Georgia,

## AT ATHENS,

# NOVEMBER TERM, 1861.

PRESENT—JOSEPH H. LUMPKIN, } JUDGES.
CHARLES J. JENKINS, }

THOMAS W. ALEXANDER, plaintiff in error, *vs.* EDWIN BATES & Co., defendants in error.

1. The 1st section of the Act of 22d January, 1852, entitled "An Act to regulate the practice of the Supreme Court, and of the Superior Courts of this State, and for other purposes," etc., pamphlet 214, is not repealed by the Act of 1856, entitled, "An Act to simplify the method of carrying cases to the Supreme Court, and for other purposes," pamphlet 199. Construing the two together, a case will not be dismissed on the ground that more than ten days elapsed between the filing of the bill of exceptions, in the office of the Clerk of the Superior Court, and the signing of the certificate by that officer, *provided* the bill of exceptions were tendered, served and filed, within the time prescribed by law.
2. If, in a bail bond, a legal condition, beneficial to the security, be omitted, the bond is void as to him.

*Scire facias*, on bail bond and cause shown. In Gwinnett Superior Court. At March Term, 1861. Judgment by Judge HUTCHINS.

(125)

Edwin Bates & Co. sued Job W. Harris and William H. Harvey, on a promissory note, and filed their affidavit, requiring bail. The defendants entered into a bail bond, with Thomas W. Alexander as security, the condition of which was in these words: "If the said Job W. Harris and William H. Harvey, in case they are cast in said suit, shall well and truly pay and satisfy the condemnation of the Court, and abide by and perform the judgment of the Court, in terms of the law, in such case made and provided, and upon failure thereof, the said Thomas W. Alexander will do it for them; then this bond to be void, else to remain in full force."

Plaintiffs obtained judgment against the defendants, and sued out a *ca. sa.*, upon which the sheriff returned that Harris was not to be found, and that he had arrested Harvey, who, upon giving bond for jail bounds, had been discharged. A *scire facias* against the bail was sued out, and subsequently dismissed for irregularity in the issuing of the *ca. sa.* Thereupon a second *ca. sa.* was issued, upon which the sheriff returned that Harris was not to be found, and that Harvey had been arrested upon a previous *ca. sa.*, issued under the same judgment, had filed his schedule, and been discharged under the Insolvent Debtor's Act.

The plaintiffs then sued out a *scire facias* on the bail bond, against Harris as principal, and Alexander as security, which was served upon the latter. At the return term of the *sci. fa.*, Alexander, the security, appeared, and, for cause against judgment on said bond, showed, among other things, "that the said bail bond is void, because there is a condition omitted, the omission of which is prejudicial to him," viz: "the right of the principals to surrender their bodies in discharge of their bail, or the right of the bail to surrender his principals in his own discharge." Other causes were shown, which are omitted, because unnecessary, in the view taken by the Court. The parties having agreed that the presiding Judge should adjudicate all matters of fact, as well as of law, involved in the pleadings, his Honor, the Judge, overruled the answer of the defendant, after a hearing, and ordered that judgment be entered against the security in the bail bond,

for principal, interest and cost, and to this ruling the defendant, Alexander, excepted.

When the cause was called for argument in this Court, counsel for defendant in error moved to dismiss it, on the ground that it appeared, from the record, that more than ten days elapsed between the filing of the bill of exceptions, in the Superior Court, and the certifying of the transcript. The Court reserved this point, and ordered that the argument proceed on the merits of the case.

WM. H. HALL, representing JAMES JACKSON, for plaintiff in error.

J. N. GLENN, for defendant in error.

*By the Court*—JENKINS, J., delivering the opinion.

1. The counsel for the defendant in error rests his motion to dismiss the case upon the fifth and sixth sections of the Act of 1856, entitled, " An Act to simplify the method of carrying cases to the Supreme Court, and for other purposes," pamphlet 199.   The fifth section, among other things, enacts that " it shall be the duty of said Clerk, (of the Superior Court,) within ten days after said bill of exceptions shall have been filed in his office, to make out a copy of said bill of exceptions, and also a complete transcript and copy of the record in said case, and to certify the same to be a true and complete copy, and to cause the same, together with the original bill of exceptions, to be enveloped and transmitted to the next term of the Supreme Court," etc.   The sixth section provides that no exception shall be taken or allowed as to the manner in which any case has been taken to the Supreme Court, *provided* the previous provisions of this Act have been substantially complied with."   It is insisted that the requirement in the fifth section, that the bill of exceptions and the record shall be copied and certified " *within ten days*" from the filing of the former, is a matter of substance, and that a failure to comply with the strict letter of that provision, brings the case within the proviso of the sixth section.

That the Clerks of the Superior Court should, whenever practicable, comply with the letter of the fifth section, may not be questioned; yet it is difficult to perceive how it can be a *matter of substance*, that the papers be copied and certified within ten, rather than within one hundred days, so that they be at the term of the Court to which they are, by law, returnable, as they were, in fact, in this case. The defendant in error has had all the service, all the notice, to which he is entitled, before the filing of the bill of exceptions. He is not entitled, by law, to see the original bill of exceptions, nor the transcript, until the envelope containing them shall be opened in the Supreme Court, and this need not be until term time. Then, if the requisite papers be in Court at the opening of the term, how can it prejudice his case, that the Clerk delayed to sign the certificate one day or one hundred days beyond the time prescribed in the Act? Looking alone to the Act of 1856, it might be a very serious question whether, in this case, the provisions of the fifth section had not "*been substantially complied with.*" But, by the first section of the Act approved 22d January, 1852, pamphlet 214, it is enacted, " that when the original writ of error, original citation, and the original bill of exceptions, shall be filed, and served within the time prescribed by law, no cause pending in the Supreme Court shall be dismissed," etc The citation and writ of error have been dispensed with by the Act of 1856; or, rather, by that Act the bill of exceptions is made to stand for the writ of error also, and its service for the citation. Does the Act of 1856 repeal the first section of the Act of 1852? It does not by express terms. Does it so by necessary implication? Not unless they be contrary to, or inconsistent with, each other. So far from this being the case, they seem to have the same object, viz: to dispense with unnecessary forms, and to ensure every party, whose case shall have been fairly and substantially brought before the Supreme Court, a hearing upon its merits. Indeed, the sixth section of the Act of 1856 may, in regard to substantial compliance, be very fairly expounded by the first section of the Act of 1852. If the latter be of force, (and we think it

is,) we have only to inquire whether the bill of exceptions was served on the defendant in error, and filed in the office of the Clerk of the Superior Court "within the time prescribed by law.'

The record shows that both the filing and service were so. The motion to dismiss is, therefore, overruled.

2. In the case of Tucker and others vs. Davis & Potter, 15 Georgia, 573, this Court held that "the form of the bond prescribed by law," (in cases requiring bail,) "is, that the principal shall pay the debt, or surrender himself in execution, or the security shall pay it for him." And further, "that if a condition is inserted not warranted by law, which is onerous to the security, or one is omitted which is for his benefit, the instrument is void." Such is, then, the law of Georgia. The bond now before us contains no condition whatever for the surrender of the principals in execution. That condition is certainly beneficial to the security, and its omission renders the bond void. That was one of the exceptions taken in the Court below, and in overruling it the Court erred.

Let the judgment be reversed.