SWAIN, for use, etc., *v.* JAUDON *et al.*

HILL, J. 1. A ne exeat bond, as provided for by the Civil Code, § 5461, is one for the personal *appearance* of the defendant at court; and the conditions of the bond are complied with when the principal is present at court, or within its jurisdiction and subject to its process. *Freeman* v. *Freeman,* 143 *Ga.* 788 (85 S. E. 1038); *May* v. *May,* 146 *Ga.* 521, 523 (91 S. E. 687).

(*a*) Under the facts stated in the certified questions, only a bond for the *appearance* of the principal could have been lawfully required.

(*b*) Where a writ required the taking of a bond, not only for the personal appearance of the defendant, but for the payment of the judgment in the suit for alimony, the writ was void. See *Loyd* v. *McTeer,* 33 *Ga.* 37; *Alexander* v. *Bates,* 33 *Ga.* 125, 129; *Tucker* v. *Davis,* 15 *Ga.* 573.

(*c*) Where the plaintiff in an action for divorce brings suit against a sheriff to recover damages because of his failure to duly execute a writ from the superior court requiring the defendant to execute a statutory ne exeat bond, and such writ is void, the sheriff may avail himself of this fact as a defense to the suit. Civil Code (1910), § 5680.

(*d*) The foregoing rulings make it unnecessary to decide the questions in paragraphs (*d*) and (*e*) of the first inquiry by the Court of Appeals.

2. A suit against a sheriff and his sureties, to enforce a liability against them for failure of the sheriff to obtain from the defendant in a suit for divorce and alimony a ne exeat bond as ordered by the court, does not fall within the class of cases of which jurisdiction is given to the

Supreme Court by the constitution, art. 6, sec. 2, par. 5; therefore the Court of Appeals has jurisdiction thereof.

*All the Justices concur, except Fish, C. J., absent.*

No. 515. APRIL 11, 1918.

Questions certified by Court of Appeals (Case No. 7980).

The rulings announced in the headnotes were made in answer to questions (hereafter stated) propounded by the Court of Appeals, involved in the case upon the following facts: "The action was one brought against a sheriff and his bondsmen, wherein it was shown: that in a suit by Mattie E. Rahn against Charles W. Rahn, for divorce and alimony, both temporary and permanent alimony were allowed, and that, contemporaneously with the filing of the petition for divorce and alimony, the writ of ne exeat was granted in the following order of the court, to wit: 'The foregoing petition appearing to be duly verified, and it further appearing that the plaintiff has no adequate remedy at law, and that the departure of said defendant will immediately occur unless he is stayed, it is considered, ordered, and adjudged that the writ of ne exeat respublica be and the same is hereby granted, and said defendant is hereby stayed from departing beyond the jurisdictional limits of this court until it is further ordered herein. . . Let bond in the penal sum of $720 be taken from the defendant in terms of the statute;' that upon the granting of this order the clerk of the court issued a writ directed to the sheriff, requiring him 'to arrest the body of said Chas. W. Rahn, and, being arrested, to safely keep him until he enters into bond and security, in the said sum of $720, not to depart the State without the order of said court, and conditioned to pay any judgment that may be found against him in favor of his wife, Mattie E. Rahn; in default thereof, to confine him in the common jail of said county, according to the statutes in such cases made and provided;' that in response to this writ the sheriff 'did not require said defendant Rahn to give the ne exeat bond as directed by the judge of said superior court, but did arrest the said defendant, and, after having him in his custody, did permit him to escape and remain away from the jurisdiction of said court from the 27th day of August, 1913, until this date,' and, 'because of the fact that the said defendant, Charles W. Rahn, was not required to execute the ne exeat bond as ordered, and because of the fact that he was permitted to escape and go beyond the jurisdiction of this court and

so to remain, that his wife and child have been unable to force him to comply with the judgments of said court granting temporary and permanent alimony, but the said [sheriff] W. A. Jaudon was informed, on the 30th day of September, 1914, that said defendant Rahn was at Soperton in this State, working with his brother W. A. Rahn, that he was then advised to arrest him and lodge him in jail in obedience to the writ of ne exeat in said case, but so to do said Jaudon wholly failed and refused, and still does fail and refuse;' but no averment was made as to any negligence on the part of the sheriff in permitting the escape, nor was there any allegation showing that the husband owned property of any sort, or that he would have been able to pay any portion of the alimony decreed against him had he been confined as required, nor was there any averment showing money loss suffered by reason of the act complained of, except as already set forth. The petition was dismissed on general demurrer.

"1. (a) Could the writ issued, under the facts alleged in that proceeding, have lawfully required a bond for appearance only?

"(b) If, under the averments made, the writ was irregular, in that it required the taking of a bond not only for the personal appearance of the husband, but conditioned also upon the payment of the judgment in the suit for alimony, could the husband have been lawfully arrested thereunder?

"(c) If the writ was irregular for the reason stated, could the sheriff in this suit avail himself of such irregularity, or is he bound by its requirements?

"(d) Does the fact that it appears that the husband did not remove himself beyond the limits of the State affect the rights of the plaintiff? .

"(e) In a suit of this character, are the damages to be measured by the loss sustained; and if so, does the fact that the petition fails to show that any property was or had been owned by the husband render it subject to general demurrer?

"2. Has the Court of Appeals jurisdiction to pass upon the writ of error herein, under the amendment to section 2 of article 6 of the constitution, adopted in 1916, providing that 'The Court of Appeals shall have jurisdiction for the trial and correction of errors of law from the superior courts, and from the city courts of Atlanta and Savannah and such other like courts as have been

or may hereafter be established in other cities, in all cases in which such jurisdiction has not been conferred by this constitution upon the Supreme Court, and in such other cases as may hereafter be prescribed by law;' the amendment having first provided that 'The Supreme Court shall have no original jurisdiction, but shall be a court alone for the trial and correction of errors of law from the superior courts, and the city courts of Atlanta and Savannah and such other like courts as have been or may hereafter be established in other cities, in all cases that involve the construction of the *constitution* of the State of Georgia or of the United States, or of *treaties* between the United States and foreign governments; in all cases in which the *constitutionality* of any law of the State of Georgia or of the United States is drawn in question; and, until otherwise provided by law, in all cases respecting *title to land;* in all *equity* cases; in all cases which involve the validity of, or the construction of wills; in all cases of conviction of a capital felony; in all *habeas-corpus* cases; *in all cases involving extraordinary remedies,*' etc."?

*D. H. Clark,* for plaintiff.

*Travis & Travis* and *Paul E. Seabrook,* for defendants.