### 7980.    SWAIN, for use, etc., *v.* JAUDON *et al.*

JENKINS, J.    Under the rulings announced by the Supreme Court (147 *Ga.* 773, 95 S. E. 696), in response to the questions certified to it by this court in the present case, the judgment sustaining the demurrer to the petition was in accordance with law, and must stand affirmed.

> *Judgment affirmed. Wade, C. J., and Luke, J., concur.*
>                    DECIDED MAY 14, 1918.

Action on bond; from Effingham superior court—Judge Sheppard.    October 16, 1916.

The action was against a sheriff and the sureties on his official bond. From the petition it appeared: that in a divorce case in which alimony was allowed, the court, contemporaneously with the filing of the petition for divorce and alimony, passed an order "that the writ of ne exeat republica be and is hereby granted, and said defendant is hereby stayed from departing beyond the jurisdictional limits of this court until it is further ordered herein;" and that "bond in the penal sum of $720 be taken from the defendant in terms of the statute." The clerk of the court thereupon issued a writ directed to the sheriff, requiring that officer to arrest the body of the defendant and to keep him safely "until he enters into bond and security, in the said sum of $720, not to depart the State without the order of said court, and conditioned to pay any judgment that may be found against him in favor of his wife, . . . ; in default thereof to confine him in the common jail of said county, according to the statutes in such cases made and provided." It was alleged that the sheriff did not require him to give the ne exeat bond, but arrested him, and, after having him in custody, permitted him to escape and remain away from the jurisdiction of the court; that the sheriff was informed of the whereabouts of the defendant and was advised to arrest him and lodge him in jail in obedience to the writ of ne exeat, but refused to do so; and that because of these facts his wife and child were unable to force him to comply with the judgments granting alimony.

In response to certified questions of the Court of Appeals, the Supreme Court held, that, under the facts stated therein, only a bond for the appearance of the principal could have been lawfully required, and that the writ requiring the taking of a bond not only for the personal appearance of the defendant, but for the payment of the judgment for alimony, was void, and the sheriff could avail himself of this fact as a defense to this suit. It was also held that this suit is not of the class of cases of which the Supreme Court is given jurisdiction by the constitution, art. 6, sec. 2, par. 5 (Park's Code, Supp. 1917, § 6502). See more full report in 147 Ga. 773.

*D. H. Clark,* for plaintiff.

*Travis & Travis, Paul E. Seabrook,* for defendants.