29133.   AUGUST *v.* AUGUST *et al.*

DECIDED SEPTEMBER 30, 1941.

*D. W. Krauss, J. T. Powell,* for plaintiff.
*B. N. Nightingale,* for defendants.

BROYLES, C. J.   Mrs. Amanda August sued her husband, Charles J. August, as principal, and E. H. Diemmer and J. L. Smith, as securities, on a ne exeat bond given by the defendant August in connection with alimony proceedings brought against him by Mrs. August.   The court sustained a general demurrer to the petition and the only exception is to that judgment.   Said bond was for $500, signed by Charles J. August, as principal, and by the other two defendants as securities, and was conditioned as follows: "The condition of the above obligation is such that if the said defendant, Charles J. August, shall appear to answer the complaint in the case of Mrs. Amanda August v. Charles J. August, filed to the May term, 1939, of the superior court of said county; and answer the judgment of the court that may be rendered in said case, then this bond to be void, else of full force and effect."   Paragraph 3 of the petition alleges that, since the execution of said bond, Charles J. August left Glynn County and could not be served "with a copy of this suit," and that therefore petitioner could only proceed against the other two defendants, Diemmer and Smith.   Paragraph 5 alleges that "after the giving of the said bond, the said petition for temporary and permanent alimony  .  .  did proceed to final judgment."   Paragraph 6 alleges that on October 18, 1939, the court adjudged Charles J. August in contempt of court, and directed the clerk of court "to issue against  .  .  Charles J. August a commitment in terms of the law, adjudging [him] in contempt of court and requiring that he be committed, until he should

have purged himself of such contempt . . by making payment of said judgment for temporary and permanent alimony as therein required." Paragraph 7 avers that "after the issuance of the said commitment . . petitioner has been unable to secure the arrest of the said Charles J. August under the said commitment; and the said Charles August has left the realm and jurisdiction of the court, and the only recourse left for petitioner is to sue upon the said bond;" and that "there has been a breach of the said bond, in view of the fact that . . Charles August has not answered the judgment of the court committing him for contempt of court for his failure to comply with the order of the court in petitioner's favor in said case." In conclusion, the petitioner prays for a judgment against E. H. Diemmer and J. L. Smith "in the sum of $500, the penal sum of the said bond."

The defendants demurred generally to the petition as follows: 1. It sets out no cause of action against the defendants. 2. It "is based upon a ne exeat bond which by its express terms is null and void as to the sureties thereon since it imposes conditions upon the sureties more onerous and burdensome than the law requires." 3. "Plaintiff's petition based upon a ne exeat bond is a suit upon an appearance bond which had become functus officio when the final judgment was rendered in the suit for alimony and divorce and . . hence the petition sets forth no cause of action."

In *Loyd* v. *McTeer*, 33 *Ga.* 37, it was held that "If the condition of a bail bond is more onerous than to compel the appearance of the principal defendant, it is illegal and void." In *Alexander* v. *Bates*, 33 *Ga.* 125 (2), the court held: "If, in a bail bond, a legal condition, beneficial to the security, be omitted, the bond is void as to him." It thus appears from the early decisions of the Supreme Court that a statutory bond must follow closely the statute, and that if the provisions of the bond so vary from those prescribed by the statute as to increase the risk of the securities the bond is not binding on them. Code, § 37-1401, states that "The writ of ne exeat shall issue to restrain a person from leaving the jurisdiction of the State," and specifies several instances in which it may issue. Code, § 37-1402, requires the applicant for the writ to show that "no adequate remedy is afforded at law, and that the defendant is either removing, or about to remove, himself or his property, or the specific property to which the complainant claims title or an inter-

est." Code, § 37-1403, which prescribes the conditions of the bond required, reads in part as follows: "The defendant may relieve himself or his property or the specific property from the restraint imposed by giving bond in double the value of plaintiff's claim, with good security, to the officer serving the process, for the forthcoming of each or either (according to the tenor of the writ), to answer to complainants claim or abide by the order and decree of the court." In *Swain* v. *Jaudon*, 147 *Ga.* 773 (95 S. E. 696), the court made the following rulings: "A ne exeat bond, as provided for by the Civil Code, § 5461 [Code, § 37-1403], is one for the personal *appearance* of the defendant at court; and the conditions of the bond are complied with when the principal is present at court, or within its jurisdiction and subject to its process. *Freeman* v. *Freeman*, 143 *Ga.* 788 (85 S. E. 1038); *May* v. *May*, 146 *Ga.* 521, 523 (91 S. E. 687). . . Under the facts stated in the certified questions, only a bond for the *appearance* of the principal could have been lawfully required. . . Where a writ required the taking of a bond, not only for the personal appearance of the defendant, but for the payment of the judgment in the suit for alimony, the writ was void. See *Loyd* v. *McTeer*, 33 *Ga.* 37; *Alexander* v. *Bates*, 33 *Ga.* 125, 129; *Tucker* v. *Davis*, 15 *Ga.* 573." In *Carnes* v. *Carnes*, 138 *Ga.* 1, 4 (74 S. E. 785), the court discussed a ne exeat bond in this language: "Sometimes the writ is issued only to restrain a person from leaving the jurisdiction of the State; sometimes it is issued against a person who is removing or attempting to remove property beyond the jurisdiction. . . If the application for the issuance of the writ of ne exeat is made in connection with an application for alimony, and no removal of property is involved, but merely an intended leaving of the State by the defendant, the judge ought not to require a bond conditioned both that the defendant will not remove beyond the jurisdictional limits of the State and also that he will pay any judgment that may be found against him in favor of the plaintiff. This would not only require the husband to give security that he would remain in the jurisdiction, but also that he would be solvent and pay the money judgment. *McGee* v. *McGee*, 8 *Ga.* 295 (52 Am. D. 407); *Lamar* v. *Lamar*, 123 *Ga.* 827 (51 S. E. 736, 107 Am. St. R. 169, 3 Ann. Cas. 294). In the present case, upon the presentation of the petition the presiding judge passed an order requiring the defendant

to give bond 'not to remove beyond the jurisdictional limits of the State of Georgia, and conditioned to pay any judgment that may be found against him in favor of the plaintiff,' or in default thereof, to be imprisoned. The writ issued by the clerk followed the terms of the order. In the brief of counsel for defendant in error it was conceded that the order should not have been in the conjunctive; but was urged that the bond which was actually given and accepted by the sheriff was conditioned to be void if the defendant 'shall be forthcoming to answer the complainant's complaint, or shall abide by the order and decree of the court,' and that this relieved the error or inadvertence in the terms of the order and of the writ. Upon a motion to set aside an erroneous order for the writ, the fact that the bond did not strictly follow the order or the writ did not serve to correct the order as it stood. Nor was there any motion to correct it."

It appears from the petition that Charles J. August, the principal in the bond, was never served with the present suit and that the case proceeded against the sureties alone. Paragraph 5 of the petition alleges that "said petition for temporary and permanent alimony in favor of your petitioner did proceed to final judgment," and there is no averment in the petition that Charles J. August failed "to appear and answer the complaint." Code, § 37-1403, binds the principal in the bond "to answer to complainant's claim *or* abide by the order and decree of the court." (Italics ours.) The bond under consideration requires the principal to "appear to answer the complaint" *and* "answer the judgment of the court." Obviously the ne exeat bond was conditioned conjunctively, contrary to the provisions of the statute, and placed upon the sureties a greater burden than the law required; and we hold that the court properly sustained the general demurrer to the petition.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*