36977.   GOLDSTEIN *v.* JACKSON.

DECIDED JANUARY 28, 1958.

*Faine Chambers,* for plaintiff in error.

*Watson L. White,* contra.

FELTON, Chief Judge. ■ The requirements of Code § 37-1403 as to what condition or conditions must be given in a ne exeat bond are dependent upon the requirements of the court's order, upon which the writ is issued.

While it cannot be definitely ascertained from the petition in the action on the bond exactly the tenor of the court's order granted in the application for ne exeat, it will be presumed that the court entered a valid order and only required that the principal on the bond appear to respond to the judgment entered in the main case. Since the court's order only required an appearance to respond, the principal was required only to give a bond to meet that requirement and if he included more conditions in the bond than required in the order, such inclusion does not render the bond void, and the principal and surety are bound only by the condition contained in the bond which was required by the court's order. The principle involved is the same as that involved in statutory bonds. For the law applicable in the case of statutory bonds, see *St. Paul-Mercury Indem. Co.* v. *Koppers Co.,* 95 *Ga. App.* 687, 696 (99 S. E. 2d 275).

In *August* v. *August,* 65 *Ga. App.* 883 (16 S. E. 2d 784), the bond given contained the conditions called for in the court's order and since the court was not authorized by law to impose such conditions in his order, the order was erroneous, and the bond based on such illegal order and following the conditions required by the order was void. Such was not the case here.

The demurrer based on the ground that the action was predicated on a void bond was without merit.

■ The question whether a writ of ne exeat can issue ex parte cannot be raised by a demurrer to a petition in an action on the bond.

■ The court did not err in overruling the demurrer to the petition.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*