### 39188. WESTBROOK v. WESTBROOK.

DECIDED DECEMBER 5, 1961.

*Ben F. Sweet,* for plaintiff in error.

*Bass, Burger, Kidd & Rich, Casper Rich,* contra.

FELTON, Chief Judge. The condition of the bond is that: "if the said Rudene Westbrook, defendant, shall be forthcoming to answer to the complainant's claim, or shall abide by the order and decree of the court, then this bond to be void; else of full force and virtue." The contention of the defendant in error is that, since the defendant, Rudene Westbrook, has not at any time failed to be and appear in person in court when so ordered, there has been no breach of the condition of the bond. This contention is erroneous for the reason that the conditions of such a bond are complied with when the principal is present at court *or* within its jurisdiction and subject to its process. *Swain v. Jaudon,* 147 Ga. 773 (95 SE 696). The petition upon which this proceeding is based alleges that the defendant, Rudene Westbrook, was not forthcoming to answer plaintiff's claim for alimony awarded her and has failed to abide by the contempt and purge order of June 16, 1960. As against a general demur-

rer this allegation is equivalent to an allegation that the principal on the bond had absented himself from the jurisdiction of the court. The fact that Rudene Westbrook has absented himself from the jurisdiction of the court is a breach of the bond under the foregoing authority. Otherwise the plaintiff would be helpless to enforce the bond because all a principal under such a bond would have to do to avoid the consequences of a breach thereof would be to put himself out of the reach of the processes of the court. The principal on such a bond could never be guilty of being absent from court when required to be present when he put it beyond the power of the court to demand his presence. The court erred in sustaining the general demurrer to the petition.

*Judgment reversed. Bell and Hall, JJ., concur.*