42908.  HORNSBY v. RODRIGUEZ.

HALL, Judge.  1. The appellee filed a motion to dismiss the appeal on the ground that the record was not filed in this court within the time prescribed by law.

The Appellate Practice Act of 1965 (Ga. L. 1965, p. 18, as amended, Ga. L. 1966, pp. 493, 497) provides: "Where no transcript of evidence and proceedings is to be sent up, the clerk shall prepare and transmit the record within twenty (20) days after the date of filing of the notice of appeal. If for any reason the clerk is unable to transmit the record . . . within the time hereinbefore required, or when an extension of time was obtained under Section 6 hereof, he shall state in his certificate the cause of the delay, and the appeal shall not be dismissed."  All costs are to be paid in the court below or the appellant shall make an affidavit that he is unable to pay the costs before the clerk is required to transmit the record to the appellate court.  *Code Ann.* § 24-2729.

The notice of appeal was filed on March 28, 1967.  The bill for costs was mailed to the appellant on April 13, 1967.  The costs were paid on April 28, 1967, and the record was transmitted on May 10, 1967.  The certificate of the clerk shows that the delay between April 28 and May 10 was the fault of the clerk.  See *Code Ann.* § 2-3705 (Constitution of 1945); *Code Ann.* § 6-808.  The twenty days expired on April 17, 1967, and no extension of time was obtained under Section 6 of the Act.  Does the eleven-day delay (April 17 to April 28) in paying the costs, which was the fault of the appellant, require that this appeal be dismissed?

In a recent case involving a delay of seventy days in payment of costs, the Supreme Court held that "Justice delayed is often justice denied" and that it would not consider an appeal "which represents a *stale* one caused by the *laches* of the appellant . . ."  *George v. American Credit Control, Inc.,* 222 Ga. 512 (150 SE2d 683); *Vezzani v. Vezzani,* 222 Ga.

853 (153 SE2d 161). (Emphasis supplied). In *City of Atlanta v. Akins*, 116 Ga. App. 230, this court held that "The court in *Vezzani v. Vezzani*, 222 Ga. 853 (153 SE2d 161) and perhaps other cases, has dismissed, not because the costs were not paid but because as a result of that fact the appeal was not timely filed. The latter question is one which concerns this court; the former primarily concerns the trial court." The word "stale" is used to refer to a right that has not been asserted for so long a time as to amount to "laches." *Underwood v. Underwood*, 142 Ga. 441 (83 SE 208, LRA 1915B 674). "Laches is not, like limitations, a mere matter of time, but principally a question of the inequity of permitting the claim to be enforced, an inequity founded on some intermediate change in conditions." *Miller v. Everett*, 192 Ga. 26, 34 (14 SE2d 449).

Was the appeal timely filed in this court, or on the contrary has justice been delayed and some inequity resulted by virtue of some intermediate change in condition? The delay between April 17 and April 28 is inconsequential for the reason that any transmittal of the record to this court between April 4 and May 9 would have resulted in the appeal being docketed in this court for the June calendar. Justice has not been delayed by the delay in paying costs. There was no intermediate change in conditions. Had the clerk transmitted the record on the day costs were paid (April 28) or within eleven days thereafter (May 9), the appeal would have been timely filed in this court. See *Town of Fort Oglethorpe v. Catoosa County*, 80 Ga. App. 188, 192 (55 SE2d 753). The motion to dismiss is denied.

2. The petitioner, who had obtained a writ of ne exeat against the defendant in connection with a divorce decree, filed an "Application for contempt and rule against bonding company." Upon this application the trial court entered judgment against the surety on the ne exeat bond. The surety, hereinafter called the respondent, appeals from this judgment and from the antecedent judgment overruling his motion to dismiss the petitioner's application to forfeit the ne exeat bond.

(a) The respondent contends that the application as against him should have been dismissed because it showed that the ne exeat bond contained a condition that was not authorized by statute and was therefore void. The record, however,

shows that the condition of the bond, as quoted in the judgment of the court, was that provided by statute, that the defendant "answer to the complainant's claim or abide by the order and decree of the court." *Code* § 37-1403. The judgment also recites that neither the defendant nor his counsel appeared at the hearing. The trial court did not err in overruling the respondent's renewed oral motion to dismiss. *Goldstein v. Jackson*, 97 Ga. App. 28 (101 SE2d 869).

(b)  The respondent contends that the judgment forfeiting the bond and entering judgment against him thereon was not authorized because the defendant, the principal on the bond, was not ordered to appear on the date set for hearing of the petition and show cause why the ne exeat bond should not be forfeited. This contention is refuted by the record, which shows that the original petition was amended and that upon the amendment the court ordered that the amended petition be served upon the defendant or his attorney, and that the defendant show cause why he had not complied with the court's decree and why he should not be attached for contempt. The record further shows that the defendant's attorney and the respondent bondsman were served with the amended petition and order, and that neither the defendant nor his attorney appeared at the hearing, and after the hearing the trial court adjudicated the defendant "in contempt of this court for having failed to appear to answer to the prior orders of this court, and in failing to make the payments previously ordered by this court." These facts shown by the record distinguish this case from *Adams v. Moore*, 199 Ga. 534 (34 SE2d 600).

The trial court did not err in declaring the bond forfeited and awarding judgment against the respondent in the amount of the bond.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED JULY 5, 1967—DECIDED JULY 14, 1967—REHEARING DENIED JULY 26, 1967.

*Stanley H. Nylen*, for appellant.
*Melvin Pazol*, for appellee.