25303. CHLUPACEK v. REED.

SUBMITTED JULY 15, 1969—DECIDED SEPTEMBER 9, 1969.

*Palmour & Palmour, James E. Palmour, III,* for appellant.

*R. Wilson Smith, John H. Smith,* for appellee.

GRICE, Justice. A judgment dismissing a petition for habeas corpus and remanding the petitioner to custody of the respondent is for review here. The petition was filed by Franz Erwin Chlupacek in the Superior Court of Hall County against Wilburn L. Reed, Jr., sheriff of that county, alleging illegal detention by virtue of a writ of ne exeat.

The events essential to the determination of this appeal are those which follow.

On December 5, 1968, petitioner's wife, Mildred M. Chlupacek, filed suit against him in the superior court of that county, seeking a divorce, alimony, support for their children, custody of them, and recovery of approximately $17,000 allegedly belonging to her. The complaint alleged that unless restrained and enjoined he would take the property or its proceeds and the children with him to his native land of Austria. Thereupon, the trial court entered a rule nisi requiring him to show cause on December 19, 1968, why the prayers should not be granted, and restraining and enjoining him from disposing of or moving her property from the court's jurisdiction, ordering an accounting thereof by him, and restraining him from removing the children from the court's jurisdiction. This complaint and order were personally served upon him on December 5, 1968.

At the December 19, 1968, hearing he did not appear or file any pleadings. After hearing sworn testimony the trial court on that date entered an order which granted temporary custody of the children to the wife and restrained and enjoined him from leaving the jurisdiction of the court, from removing therefrom any property claimed by her and from taking the children to any place outside the jurisdiction of the court. This order also required that he be arrested and retained in custody until he gave a ne exeat bond in the sum of $50,000. This order was not served upon him. It was ascertained that on December 11, 1968, after arranging for his personal property to be shipped to

him there, he had flown to Austria, taking with him money that he had received after December 5, from the sale of certain stocks claimed by his wife to have been purchased with her money.

On April 18, 1969, he returned to this State, and on that date was arrested by virtue of a writ of ne exeat issued on April 8, pursuant to the December 19 order.

On May 5, 1969, the instant petition for writ of habeas corpus was filed. It alleged that the restraint of petitioner is by virtue of the writ of ne exeat which requires bond of $50,000.

The grounds upon which the writ of habeas corpus is sought are essentially the following.

The December 5, 1968, order, above referred to, is illegal and void. It violates petitioner's rights under the due process provisions of the State and Federal Constitutions and amounts to an injunction prohibiting him from going outside the limits of the Northeastern Circuit and from carrying his property beyond it.

The December 19, 1968, order is illegal and void. It was not served upon him, requires an excessive and unreasonable bond of $50,000, which is equivalent to a refusal to grant bond, in violation of stated provisions of the State and Federal Constitutions, and requires a bond not only for his personal appearance to answer his wife's claim, but also for him to abide by the orders of the court.

The April 8, 1969, writ of ne exeat is illegal and void. It was improperly issued, did not provide petitioner with a full hearing, deprived him of his liberty, was not served upon him, and required a bond of $50,000, which is illegal, excessive and unreasonable, contrary to named provisions of the State and Federal Constitutions.

Petitioner has been denied the right to a speedy trial, in violation of specified provisions of the State Constitution.

The writ of ne exeat requires a bond so that he will not go beyond the jurisdictional limits of the State and will appear when required by order of the court to answer any judgment therein. The requirement of both of these conditions is void.

The respondent answered by alleging that petitioner's detention was due to his failure to tender bond and security as required by the writ of ne exeat.

Upon the hearing in the habeas corpus proceeding the events leading up to the filing of the petition were the subject of considerable testimony by petitioner.

Thereupon, the trial court entered judgment that petitioner was being lawfully detained, dismissed the petition for habeas corpus, and remanded the petitioner to the custody of the respondent.

Petitioner, in his appeal, makes eight enumerations of error.

1. The first is that the court erred in denying the petition for habeas corpus because the December 5, 1968, and December 19, 1968, orders and the April 8, 1969, writ of ne exeat are illegal and void.

(a) Appellant contends that the two orders restraining and enjoining him from removing himself or specified property outside the trial court's jurisdiction were void and had no effect upon him, and therefore he should have been released from custody.

This contention cannot be sustained.

The order of December 5, 1968, is not relevant to this inquiry since it contains nothing as to a writ of ne exeat.

Assuming that the portion in the December 19, 1968, order restraining and enjoining the petitioner from removing himself or property claimed by the plaintiff beyond the trial court's jurisdiction is void as urged by appellant (see *Bleyer v. Blum & Co.*, 70 Ga. 558), this did not invalidate the portion of the order providing for the writ of ne exeat. The issue here is not as to the injunctive feature of that order, but concerns the validity of the ne exeat, the basis for holding the appellant in custody. The two are separable, and the ne exeat portion is enforceable.

(b) The further contention is made that the writ of ne exeat is void in that it provides for conjunctive, instead of disjunctive, conditions, in violation of *Code* § 37-1403, which recites in material part that "The defendant may relieve himself or his property or the specific property from the restraint imposed by giving bond in double the value of plaintiff's claim . . . for the

forthcoming of each or either (according to the tenor of the writ), to answer to complainant's claim or abide by the order and decree of the court."

For this position appellant relies upon *Swain v. Jaudon*, 147 Ga. 773 (95 SE 696), and *August v. August*, 65 Ga. App. 883 (16 SE2d 784). The *Swain* case held that a ne exeat bond "is one for the personal *appearance* of the defendant at court." Headnote 1 (a). It also held that "Where a writ required the taking of a bond, not only for the personal appearance of the defendant, but for the payment of the judgment in the suit for alimony, the writ was void. [Citations.]" Headnote 1 (b). There, the writ required a bond ". . . not to depart the State without the order of said court, and conditioned to pay any judgment that may be found against him. . ." P. 774. In the *August* case, the bond required in material part, for the defendant to "appear to answer the complaint . . . and answer the judgment of the court. . ." P. 883.

In the present case the provisions are materially different from those decisions and their citations. This writ recites, insofar as essential here, that the judge had ordered that the defendant give bond "not to remove beyond the jurisdictional limits of the state, and to be and appear when required by the order of the court to answer any judgment therein. . ." It also commands the sheriff to arrest and confine the defendant until he gives a bond so conditioned.

The provisions in the instant writ conform to *Code* § 37-1403 and are not void.

2. The second enumeration is that the December 5, 1968, and December 19, 1968, orders and the writ of ne exeat violate appellant's rights under the due process clauses of the State and Federal Constitutions. In this connection appellant asserts that when the habeas corpus hearing began on May 15, 1969, he had been in jail some four weeks, and that since a term of court had begun on the first Monday in May 1969, and he had not been given a trial in the wife's case against him, he had been denied due process of law.

Any undue delay in the trial of the wife's case against the appellant appears to be due to his own conduct. He was per-

sonally served on December 5, 1968, with a copy of his wife's complaint and the rule nisi setting December 19, 1968, for a hearing. Instead of appearing at the hearing and presenting any defense he may have had to that suit, he chose to leave this country and not to come back to the jurisdiction of the court until April 18, 1969, at which time he was arrested. He did not file an answer to her suit until May 7, 1969, after the November, January, and March terms had passed, and two days after commencement of the May term of court and after he had, through counsel, filed the habeas corpus petition. No request for trial in his wife's suit had been made at the time of the habeas corpus hearing, insofar as the record shows.

3. The third enumeration claims that the court erred in denying the petition for habeas corpus because the December 19, 1968, order and the writ of ne exeat were not served upon the appellant after his wife, her attorney and the court knew his whereabouts, thus restraining him of his liberty in violation of the State and Federal Constitutions.

This enumeration is clearly without merit.

The evidence at the hearing shows that the appellant was without the jurisdiction of the court and therefore service could not have been perfected upon him. Also, service of a writ of ne exeat is not required, by reason of its very nature. *Code Ch.* 37-14; *Bleyer v. Blum & Co.,* 70 Ga. 358 (1c), supra.

4. Enumerations 4, 5, 6, and 7 assert that the trial court erred in denying appellant's petition because the "order dated December 19, 1968, and the writ of ne exeat, and the order denying appellant's writ of habeas corpus dated May 17, 1969, requiring appellant to give bond in the amount of $50,000, is" excessive and unreasonable and amounts to involuntary servitude, imprisonment for debt, and cruel, unusual and excessive punishment, in violation of his rights under the State and Federal Constitutions. Since these enumerations raise the same basic issue they will be treated together.

In our view, the amount of bond required was not excessive or unreasonable.

The wife had a claim for alimony for herself and for support of two small children and another expected shortly, and for

$17,000 or whatever amount of her money is shown upon the trial of the case to be due her. Also, the appellant's own testimony showed that there was a possibility of his again returning to Austria.

The amount of bond required was well within the limits of *Code* § 37-1403, which provides that "The defendant may relieve himself or his property or the specific property from the restraint imposed by giving bond in double the value of plaintiff's claim . . . for the forthcoming of each or either (according to the tenor of the writ) to answer to complainant's claim or abide by the order and decree of the court. The judge granting the writ may, in his discretion, require a larger bond."

Upon the habeas corpus hearing it was shown that the $17,000 claimed by the wife constituted her net share from total settlements of $35,053.79 received by her, the petitioner and their two young children for personal injuries sustained by them about a year previously. Throughout the hearing appellant sought to explain the various transactions relating to expenditures and investments which he contended he had made with "our money." He spoke of making many payments for expenses and of purchasing stocks. He said that after selling the stocks he took the proceeds, $13,619.33, and also about $2,900 with him to Austria. He stated that he invested $10,500 of this in a mutual funds account in Switzerland where it remains for the benefit of their young son, subject to appellant's right to obtain a "loan" on it. He acknowledged that while in Austria he purchased ski equipment, expensive tools, and a $3,300 car, but asserted that this was from his money. He did not say how much, if any, of the $17,000 claimed by the wife remained, or what income, if any, resulted from her money which he had invested. However, the trial court was authorized to find from the oral testimony and documentary evidence that the $10,500 said to be invested in mutual funds in Switzerland belonged to his wife.

The trial court was also authorized to conclude that petitioner, unless bond was obtained, would again return to Austria. He had expressed the desire that their children receive at least their primary education in Austria and had tried unsuccessfully to

have them put on his passport. He also testified that the withdrawal of his wife's sponsorship of him in the United States would make it difficult to obtain employment here, because the immigration officials would not permit him to take a job without sponsorship.

The petitioner stated that he had "talked with" one bondsman, that the sheriff had said he would accept only a cash bond, and that he then had only about $145 and could not furnish bond for any amount in excess of that. However, so far as is shown, no motion had been filed to reduce the amount and no effort made to obtain permission of the court to liquidate personal property so as to have additional funds available for making bond. This showing does not comport with a claim of unreasonableness or excessiveness. Rather, it is one of declination to post anything except a nominal bond.

Under these facts and circumstances, it cannot be successfully maintained that the amount of the bond, $50,000, was excessive and unreasonable, and hence an abuse of discretion by the trial court.

5. Enumeration number 8, complaining that the trial court erred in dismissing appellant's petition for writ of habeas corpus and in remanding him to custody of the appellee respondent, is controlled adversely to the appellant by the rulings in the foregoing divisions of this opinion.

We find that none of the enumerations is meritorious and therefore the judgment of the trial court is

*Affirmed. All the Justices concur.*