### 23619. GEORGE v. AMERICAN CREDIT CONTROL, INC. et al.

DUCKWORTH, Chief Justice. All costs shall be paid in the court below or the appellant shall make affidavit that he is unable to pay such costs before the clerk transmits the record to the appellate court. *Code Ann.* § 24-2729 (Ga. L. 1963, p. 368). Formerly, in the event of delay, not the fault of the clerk but the fault of the plaintiff in error, writs of error were dismissed for failing to prepare the record and transmit the same to this court in the time required by law. See *Code Ann.* § 2-3705 (Const. of 1945) and *Code* § 6-1301 (Ga. L. 1946, pp. 726, 741—repealed by Appellate Practice Act of 1965); *Leak v. McDowell,* 6 Ga. 264; *Duke v. Trippe,* 6 Ga. 317; *Farrar v. Oglesby,* 84 Ga. 188 (11 SE 133); *Rutherford v. Tidwell,* 103 Ga. App. 557 (120 SE2d 38); *Spivey v. Nalley,* 212 Ga. 810 (96 SE2d 260). Despite the repeal of *Code Ch.* 6-13, as amended (dismissals—Ga. L. 1965, pp. 18, 38), by the new Appellate Practice Act, this act virtually states the same law in *Code Ann.* § 6-808 (Ga. L. 1965, pp. 18, 28) and again follows the Constitution, by stating the cause shall not be dismissed if the clerk is unable to transmit the record within the time required by the statute (15 days) or when the judge grants an extension of time (*Code Ann.* § 6-804; Ga. L. 1965, pp. 18, 21), and he shall attach his certificate attesting to the

cause of the delay. The clerk did so in this case, showing a delay of 98 days caused by stress of work but with an additional delay of 70 days pending payment of the costs. The record shows that on January 31, 1966, a pauper's affidavit was held not to be good, and the appellant was ordered to make a supersedeas bond within three days. No bond has ever been made, but a delay of 70 days has occurred because the costs were not paid promptly when due. Justice delayed is often justice denied. This court seeks to uphold the laws and expedite its hearings and to make certain the administration of justice without delay. We must continue to conform to this practice. It follows that this case was not filed in this court in the prescribed time, nor is the delay tolled by operation of law. This court will not consider this appeal which represents a stale one caused by the laches of the appellant, and it is dismissed under the authority of the Constitution (*Code Ann.* § 2-3705), the laws and past decisions and Rule 8 of this court.

*Appeal dismissed. All the Justices concur.*

Submitted September 14, 1966—Decided September 22, 1966.

*J. L. Jordan*, for appellant.
*Adalbert Freedman, Marvin P. Nodvin*, for appellees.