### 23833. VEZZANI v. VEZZANI.

GRICE, Justice. A motion to dismiss this appeal has been made by the appellee upon the ground that the record was not transmitted to this court within the time required by law.

The transcript of evidence was filed in the office of the Clerk of the Superior Court of Fulton County on October 6, 1966, but the record was not transmitted to this court until November 4, 1966,.29 days later. Section 12(a) of the Appellate Practice Act of 1965, as amended (Ga. L. 1965, p. 18; Ga. L. 1965, p. 240; Ga. L. 1966, pp. 493, 497; *Code Ann.* § 6-808) provides for the transmission to the appellate court of the record, notice of appeal, and transcript of evidence and proceedings

within five days of the filing of the transcript, and declares "If for any reason the clerk is unable to transmit the record and transcript within the time hereinbefore required . . . he shall state in his certificate the cause of the delay and the appeal shall not be dismissed."

Here, the clerk's certificate, dated November 4, 1966, recites the filing of the transcript on October 6 and the mailing of a bill for costs for preparing the record to appellant's attorney on October 7, and states that the record is being immediately transmitted to this court upon receipt of payment of such costs. It is thus apparent that the delay in transmission of the record to this court was due solely to the appellant's failure to pay costs in the trial court.

A similar situation was dealt with in *George v. American Credit Control, Inc.*, 222 Ga. 512 (150 SE2d 683). There, this court pointed out the requirement of *Code Ann.* § 24-2729 that all costs shall be paid in the court below, or an affidavit made by the appellant that he is unable to pay such costs, before the clerk transmits the record to the appellate court, and held that timeliness in transmission of the record to this court is still required by our Constitution and laws despite the repeal of *Code Ann.* § 6-1301 (Ga. L. 1946, pp. 726, 741). That decision is controlling here. Therefore, the motion to dismiss the appeal is meritorious.

*Appeal dismissed. All the Justices concur.*

ARGUED DECEMBER 14, 1966—DECIDED JANUARY 5, 1967.

*Hester & Hester, Frank B. Hester, Richard M. Hester,* for appellant.

*Westmoreland, Hall & Pentecost, Harry P. Hall, Jr.,* for appellee.