43733. LAKE SPIVEY PARKS, INC. v. JONES.

ARGUED JUNE 3, 1968—DECIDED JUNE 24, 1968.

Hutcheson, Kilpatrick, Watson, Crumbley & Brown, John L. Watson, Jr., for appellant.

Peek, Whaley, Blackburn & Haldi, J. Corbett Peek, Jr., Glenville Haldi, for appellee.

FELTON, Chief Judge. ■ ■ Failure to file the supersedeas bond required by the trial court's order merely prevented the notice of appeal from serving as a supersedeas and does not de-

prive the appellant of its right to have its appeal transmitted to this court for review. *DeFee v. Williams,* 114 Ga. App. 571 (2) (151 SE2d 923). The motion to dismiss the appeal on this ground is denied.

■ Delay in the transmission of the record to the appellate court—which delay is unreasonable, inexcusable and caused by the failure of a party to pay costs in the trial court or file pauper's affidavit—is a ground for dismissal of the appeal by the trial court, but not by the appellate court. *Code Ann.* § 6-809 (b) (Ga. L. 1965, pp. 18, 29, as amended by Ga. L. 1968, pp. 1072, 1073). The motion to dismiss is denied.

· ■ The only defense interposed to the suit on the notes, other than the general denial of the indebtedness, was the special plea of accord and satisfaction, incorporated in the answer, setting up the alleged agreement. The copy of the purported agreement attached to the amended answer was dated the "_____ day of May [rather than August, as defendant had alleged], 1962," was between the plaintiff and Dr. Walter L. Spivey (rather than the defendant, which was not even mentioned therein) and was not signed by anyone. The parol evidence subsequently filed for the purpose of showing that the alleged agreement (assuming that the one alleged and the one attached as an exhibit were one and the same) was intended to apply to the debts of the defendant which were sued on was ineffectual to change the written provisions of the agreement. *Code* §§ 20-704 (1), 38-501, 38-205. The court, therefore, did not err in its judgment granting the plaintiff's motion for judgment on the pleadings, treated, pursuant to the provisions of *Code Ann.* § 81A-112 (c) (Ga. L. 1966, pp. 609, 622 as amended), as a motion for summary judgment.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*