### 44078. WILLIFORD v. GENERAL INSURANCE COMPANY OF AMERICA et al.

PANNELL, Judge. The present case is before this court on an appeal from an order of the superior court dismissing a prior appeal from the judgment of that court affirming the award of the Board of Workmen's Compensation denying compensation to the appellant. *Held:*

1. Section 2 of the amendment of 1968 to the Appellate Practice Act enacted a new Section 13 (b) which provides in part that: "the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that such delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file pauper's affidavit." This Act became effective April 8, 1968 (Ga. L. 1968, pp. 1072, 1073) and applies to an appeal in the present case filed April 18, 1968, although the judgment appealed from was entered prior to the effective date.

2. Where, on motion to dismiss such appeal, a hearing is had and evidence is introduced which would authorize a trial judge to find that the notice of appeal was filed April 18, 1968, and on the same date an order was taken extending the time for transmitting the record to this court for a period of 30 days, that because of the press of business in the clerk's office the record was not completed until May 28, 1968, and that a deputy clerk notified counsel for appellant of the

amount of the costs on the same day or the next day, and several other times, the last of which was June 27, 1968, that the motion to dismiss the appeal was filed on July 2, 1968, copy of which was received by counsel for appellant on July 5, 1968, and that the costs were paid by check dated July 3, 1968, received by the clerk on July 5, 1968, through the mails, and it appears that counsel for appellant stated he was notified of the amount of costs by the clerk "the first part of June" and that the delay thereafter was caused by his inability to contact his client and the time the client took to get up the money to pay the costs, this court cannot say that the judge of the superior court was in error in dismissing the appeal because of the delay in forwarding the record to this court caused by the appellant and her counsel. See in this connection *Fahrig v. Garrett*, 224 Ga. 817 (165 SE2d 126); *Hardy v. D. G. Machinery & Gage Co.*, 224 Ga. 818 (165 SE2d 127); *Mutual Fed. Savings &c. Assn. v. Johnson*, 223 Ga. 811 (158 SE2d 762); *George v. American Credit Control*, 222 Ga. 512 (150 SE2d 683); *Vezzani v. Vezzani*, 222 Ga. 853 (153 SE2d 161); *Pippins v. Securities Investments Co. of Atlanta*, 223 Ga. 812 (158 SE2d 675). The delay here caused the case to be heard at a call later than the one at which it would have been heard if it had been transmitted when ready; therefore, the ruling of this court in *Hornsby v. Rodriguez*, 116 Ga. App. 234 (156 SE2d 830), has no application, even should it be considered as binding upon this court in view of the above decisions.

3. Enumerations of error properly applicable to the appeal dismissed will not be considered by this court on the present appeal.

*Judgment affirmed. Deen, J., concurs. Jordan, P. J., concurs specially.*

SUBMITTED NOVEMBER 6, 1968—DECIDED JANUARY 6, 1969.

*Walter O. Allanson*, for appellant.

*O'Kelley, Hopkins & Van Gerpen, H. Lowell Hopkins*, for appellees.

JORDAN, Presiding Judge, concurring specially. I concur solely because of the apparent broad discretion given to the trial court

by the General Assembly by the 1968 amendment quoted in the opinion. What amounts to "unreasonable delay" may vary from 5 to 10 days in the opinion of one judge to 60 or 90 days or longer in the opinion of another. I think more definite guidelines should have been established by the General Assembly, or in such absence by the courts, so that a uniform application of the law will result.

Under the 1968 amendment three things must appear, (1) failure to pay costs or make pauper's affidavit, resulting in (2) inexcusable delay and (3) unreasonable delay in transmitting the record to the appellate court. In this case the record was completed on May 28, 1968, at which time the costs were due. They were paid by check dated July 3, 1968, some 35 days later, at which time the record could have been forwarded to this court. Even with this delay, part of which was due to press of business in the trial court clerk's office, the case would have been docketed in this court within less than 3 months from the filing of the notice of appeal. Is such a delay *"unreasonable?"*

The word unreasonable is defined as "beyond the bounds of reason or moderation." The word "stale," used in the *George v. American Credit Control* case, 222 Ga. 512, cited in the opinion, where there was a 70-day delay in payment of costs, is defined as "tasteless, unpalatable from age." The business world recognizes the payment of practically all debts within 30 days as timely. In my opinion where the costs are paid in a case to the clerk within this period and the resulting delay is no longer than this, a trial court would abuse its discretion in ruling such to be an "unreasonable" delay under this statute.

In the absence of a suitable guideline, and since the delay here due to nonpayment of costs exceeded 30 days, we cannot say as a matter of law that there was a manifest abuse of discretion by the trial court in this case.