### 44329. ROGERS v. INTERNATIONAL MINERAL & & CHEMICAL CORPORATION et al.

WHITMAN, Judge. "In all cases certified to the appellate courts, the costs for preparing the transcript of the record shall be paid by the appellant to the clerk before the same shall be transmitted, unless the appellant makes affidavit that he is unable to pay such costs or give security therefor." *Code Ann.* § 24-2729 (Ga. L. 1889, p. 104; 1963, p. 368).

There has been a motion made to this court to dismiss the present appeal for failure of the appellant to pay the costs for preparing the transcript to the clerk or to make a pauper's affidavit. Attached to the motion to dismiss is an affidavit of the clerk of the court below and it states the following:

"Now comes R. C. Bowen, after being duly sworn, who deposes and says that he is the duly qualified and acting clerk of Tift Superior Court and that at the time of the transmission of the transcript in the above stated matter, the costs for preparing the transcript of the record had not been paid by the appellant and, as of the date of this affidavit, said costs still remain unpaid.

"This the 3rd day of April, 1969.

"S/ R. C. Bowen, Clerk of Tift Superior Court.

"(Notary Public signature and seal.)"

This court has received such motions in the past. In *Aetna Cas. &c. Co. v. Sampley,* 108 Ga. App. 617, 618 (134 SE2d 71), there was neither a certificate of payment nor a pauper's affidavit in the record. This court held, in denying the motion to dismiss, that: "The clerk, like other public officials, is presumed to have performed his duty at the time and in the manner prescribed by law . . . and here his duty, as well as his own self-interest, is to make sure the costs are paid before transmitting the appeal." (Citations omitted.) In *City of Atlanta v. Akins,* 116 Ga. App. 230 (1) (156 SE2d 665) and *American Cas. Co. v. Smith,* 116 Ga. App. 332 (1) (157 SE2d 312), motions to dismiss the appeals for nonpayment of costs in the court below were denied on the ground, simply stated, that payment of costs is a problem to be policed by the trial courts; that it does not affect the jurisdictional basis of this court and that so long as the appeal is timely filed in this court its jurisdiction in this regard is perfected, irrespective of whether or not the costs below have been paid.

However, the decisions above referred to have been effectively overruled, on the point under discussion, by *Howard v. Mitcham*, 224 Ga. 288 (161 SE2d 291). In the *Howard* case, after the case had been filed with the Clerk of the Supreme Court and submitted on briefs without oral argument, it was then made to appear by the filing of a certificate of the clerk of the superior court from which the appeal had been taken, that the costs due to have been paid before transmittal of the record had not been so paid and further had not since been paid as of the date of the clerk's certificate. The Supreme Court held: "Under the facts appearing in the certificate of the clerk, it is apparent the appeal was inadvertently transmitted to this court by the clerk of the trial court at a time when he was not authorized by law to transmit it and under the provisions of the Code section above quoted [*Code Ann.* § 24-2729], the appeal is improperly here and must be dismissed."

The *Howard* case is controlling. The motion to dismiss the appeal in the present case is accordingly granted.

Appeal dismissed. *Jordan, P. J., and Hall, J., concur.*

SUBMITTED MARCH 5, 1969—DECIDED JULY 8, 1969.

*Dan S. Beeland, Garland T. Byrd,* for appellant.

*Perry, Walters, Langstaff, Lippitt & Campbell, Robert B. Langstaff, R. R. Buckley,* for appellees.