25749.  J. D. JEWELL, INC. et al. v. HANCOCK, District Attorney.

ARGUED APRIL 13, 1970—DECIDED MAY 19, 1970—
REHEARING DENIED JUNE 25, 1970.

Injunction. Jackson Superior Court. Before Judge Dunahoo.

*Norton, Cooper, Lang, Stowers & Deal, William Norton, Jr.,* for appellants.

*Nat Hancock, District Attorney, Jack S. Davidson,* for appellee.

*F. Abit Massey,* for party at interest not party to record.

MOBLEY, Presiding Justice. The appeal in this case is from the grant of an interlocutory injunction against J. D. Jewell, Inc., and three of its employees, in an action brought by the District Attorney of the Piedmont Judicial Circuit, on the relation of named citizens and residents of Jackson County. The complaint alleged that the defendants were operating a rendering plant in a manner to make it a continuing nuisance.

■ Motion to dismiss has been filed by the appellees on the ground that the appellants failed to pay the costs in the Superior Court of Jackson County prior to the transmittal of the record to this court, or to make an affidavit that they were unable to pay the costs or give security therefor. The motion is accompanied by a certificate of the Clerk of Jackson Superior Court that the record was transmitted on February 18, 1970, that a bill for the costs was mailed to counsel for the appellants on February 25, 1970, and on the date of the certificate, March 19, 1970, the costs had not been paid nor any affidavit filed by the appellants that they are unable to pay the costs or give security therefor.

Former *Code* § 24-2729 provided: "When a clerk transmits a record to the appellate courts, except in cases where affidavit of inability to pay cost is filed, he may make out a bill of costs for such transcript, and when presented to the judge of the court and by him found to be correct, the judge shall award, either in term time or vacation, judgment in favor of the clerk for such

cost." Under this former law, the clerks could not refuse to transmit the record to this court even though their costs had not been paid. See *In the Matter of 'Contempt by Four Clerks*,. 111 Ga. 89 (36 SE 237). The amendment to the section (Ga. L. 1963, p. 368) was passed to enable the clerks to collect their costs prior to the transmission of the record.

The present law makes it the duty of the clerks to collect the costs before transmitting the record to this court, unless the appellant makes affidavit that he is unable to pay the costs or give security therefor. In the present case the transcript was sent to this court prior to the time a bill for the costs was sent to the appellant. It would be manifestly unfair to dismiss the appeal because the clerk sent the record to this court before the appellant had any opportunity to pay the costs.

The Clerk of Jackson Superior Court is compensated by a salary, and is not on a fee basis. The Act placing the clerk on a salary (Ga. L. 1968, pp. 2536-2542) requires him to faithfully undertake to collect all costs, and to hold the sums collected in trust. If the clerk breaches his duty to collect the costs before sending the record to this court, this would be a matter between him and the county, and would not affect the rights of parties litigant. Compare *Whitsett v. Hester-Bowman Enterprises*, 94 Ga. App. 78, 81 (93 SE2d 788). Likewise, in a county where the clerk is on a fee basis, the clerk's waiver of the benefits of the law passed for the purpose of insuring his collection of the costs prior to sending the record to this court, would not affect the rights of litigants.

The decision of this court in *Howard v. Micham*, 224 Ga. 288 (161 SE2d 291), in which two Justices dissented, is expressly disapproved and will not be followed.

The motion to dismiss is denied.

■ Error is assigned on the failure of the trial court to sustain the motions of the defendants (appellants) to dismiss the complaint for failure to show venue in Jackson County. The defendants assert that the complaint shows that J. D. Jewell, Inc., is a resident of Hall County, and that its employees named as defendants, alleged to be residents of Jackson County,

are mere nominal defendants against whom no substantial relief is prayed.

The complaint alleges: "J. D. Jewell, Inc. is a corporation created by a judgment of the Superior Court of Hall County, Georgia; said corporation doing business as J. D. Jewell By-Products Division, Pendergrass, Georgia; Sam Underwood, Randall Gee and Jeff Jones are residents of Jackson County, Georgia, and are employees and foremen in the operation of said plant." Numerous acts constituting continuing nuisance are ascribed to "the defendants," and injunction is prayed against all of them.

The Constitution, Art. VI, Sec. XIV, Par. III (*Code Ann.* § 2-4903) provides: "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Art. VI, Sec. XIV, Par. IV (*Code Ann.* § 2-4904) provides: "Suits against joint obligors, joint promissors, co-partners, or joint trespassers, residing in different counties, may be tried in either county."

In actions to enjoin nuisances similar to that alleged in the present complaint this court has denominated the defendants as joint tortfeasors (*Poultryland, Inc. v. Anderson,* 200 Ga. 549, 559 (37 SE2d 785)), and as joint trespassers (*Bennett v. Bagwell & Stewart, Inc.,* 214 Ga. 115, 116 (103 SE2d 561). In *Central of Ga. R. Co. v. Americus Constr. Co.,* 133 Ga. 392, 398 (65 SE 855), it was said: "The distinction between trespass and nuisance consists in the former being a direct infringement of one's right of property, while in the latter the infringement is the result of an act which is not wrongful in itself, but only in the consequences which may flow from it. In the one case the injury is immediate; in the other it is consequential, and generally results from the commission of an act beyond the limits of the property affected." See also *Rinzler v. Folsom,* 209 Ga. 549, 552 (74 SE2d 661).

Technically speaking, it might be more accurate to speak of one maintaining a nuisance as being a tortfeasor rather than a trespasser, but the meaning of the word "trespass" is broad enough so that an action against persons jointly maintaining a nuisance can be brought in the county of the residence of either

under the constitutional provision (*Code Ann.* § 2-4904) concerning joint trespassers residing in different counties. See *Cox v. Strickland,* 120 Ga. 104 (47 SE 912, 1 AC 870).

The Superior Court of Jackson County would have jurisdiction of the action despite the fact that the only resident defendants are employees of the nonresident defendant, acting under its direction, since the employees are alleged to be joint participants in the maintenance of the nuisance, and injunctive relief is sought against them. See *Hoch v. Candler,* 190 Ga. 390 (9 SE2d 622); *Baggett v. Linder,* 208 Ga. 590 (2) (68 SE2d 469). There is no merit in the contention that the complaint should have been dismissed because it did not show venue in Jackson County.

■ It is contended that the complaint should have been dismissed on the ground of lack of jurisdiction of the subject matter for the reason that (a) the Georgia Water Quality Control Board has exclusive jurisdiction of matters pertaining to water pollution (Ga. L. 1964, pp. 416-436, as amended; *Code Ann. Ch.* 17-5); and (b) the Board of Health of the State of Georgia has exclusive jurisdiction of matters pertaining to air pollution (Ga. L. 1967, pp. 581-590; *Code Ann. Ch.* 88-9), which pre-empts the authority given to district attorneys by *Code* § 72-202 to abate nuisances of air and water pollution.

(a) Section 17 of the Georgia Water Quality Control Act (Ga. L. 1964, pp. 416, 432; *Code Ann.* § 17-517) provides: "Nothing in this Act alters or abridges any right of action now or hereafter existing in law or equity, civil or criminal, nor is any provision of this Act construed as stopping any person, as a riparian owner or otherwise, from exercising his rights to suppress nuisances or to abate any pollution now or hereafter existing." This section plainly shows that the Act was not intended to alter the general rules of law in regard to the abatement of public or private nuisances. As to private nuisances, this court so held in *Bell Industries, Inc. v. Jones,* 220 Ga. 684, 688 (141 SE2d 533).

(b) The Air Quality Control Act (Ga. L. 1967, pp. 581-590; *Code Ann. Ch.* 88-9) does not specifically declare that it is not intended to interfere with other rights and remedies to suppress

air pollution nuisances, but does state that information obtained under authority of the Act shall not be admissible as evidence "in any actions at law or equity involving private rights." Ga. L. 1967, pp. 581, 587 (*Code Ann.* § 88-909). There is no indication in this Act that the General Assembly intended to vest exclusive jurisdiction in the Board of Health in matters relating to air pollution. District attorneys, under *Code* § 72-202, have authority to abate public nuisances relating to air pollution, and this authority was not repealed to any extent by the Air Quality Control Act. Compare *Adams v. Cowart*, 224 Ga. 210, 212 (160 SE2d 805).

■ Error is assigned on the failure of the court to dismiss the action on the ground that the complete complaint was not served on the defendants. Paragraph 19 of the complaint alleges that J. D. Jewell, Inc., has been requested to abate the alleged nuisance. The last sentence of this paragraph stated: "A copy of said request is hereto attached, marked Exhibit 'A,' and by reference made a part of this petition." The exhibit was not attached to the complaint originally, or by amendment.

At the time the grounds of the motion to dismiss were argued, counsel for the plaintiffs struck the quoted sentence of Paragraph 19, and a written amendment was filed striking this sentence prior to the order granting interlocutory injunction. There is no merit in the contention that service of the complaint was defective because Exhibit "A" was not served on the defendants.

■ It is contended by the defendants that the court was without jurisdiction to grant interlocutory injunction because there was no evidence that the defendants Underwood, Gee, and Jones were residents of Jackson County, and these were the only defendants alleged to be residents of the county.

These defendants filed no plea to the jurisdiction on the ground that they were not residents of the county. J. D. Jewell, Inc., in its answer admitted that the three employees were residents of Jackson County. Each of the employees answered the complaint by stating that he, "being without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the complaint; therefore denies any and all allegations contained therein."

*Code Ann.* § 81A-108 (b, d) (Ga. L. 1966, pp. 609, 619; Ga. L. 1967, pp. 226, 230) provides in part: "(b) A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If he is without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied. . . (d) Averments in a pleading to which a responsive pleading is required, . . . are admitted when not denied in the responsive pleading."

Prior to the enactment of the Civil Practice Act, an evasive answer to an allegation which was necessarily within the knowledge of the defendant, was treated as an admission. Code of 1933, § 81-308; *Raleigh & Gaston R. Co. v. Pullman Co.*, 122 Ga. 700 (5) (50 SE 1008). The provisions of the Civil Practice Act quoted above indicate that the same rule should apply under that Act. If the defendant does not have knowledge of whether or not he is a resident of a county, who would? A litigant should not be allowed to play games with the court by answering evasively the allegation under which the court has jurisdiction of the parties. We conclude that the denial, because of lack of knowledge or information, as applied to residence, was an admission that these parties are residents of Jackson County.

█ The defendants contend that the evidence did not prove a claim for substantial relief against any resident of Jackson County, and that the action should have been dismissed.

There was evidence from which the court was authorized to find that all three employees named as defendants had worked in the by-products plant of the corporate defendant in Jackson County in supervisory capacities. The operation of the plant was divided into two units, the offal processing unit, and the feather processing unit. D. L. Bradford, a former employee, testified that Sam Underwood was foreman in charge of the offal processing unit, that Jeff Jones was foreman in charge of the feather processing unit, and that Randall Gee had been in charge of a clean-up crew until the men quit. This witness stated that all three of these defendant employees worked under the direction of other employees of the defendant corporation.

There was ample evidence that material brought to the plant became spoiled before it was processed, which caused obnoxious odors that were very offensive to the residents and business proprietors in the vicinity of the plant. The temporary restraining order did not close the plant, but restrained the defendants, their servants, agents, and employees from processing spoiled commodities, and from discharging unwholesome materials in the streams, and required them to maintain a sanitary plant.

Injunction may be granted against joint tortfeasors even though they act under the order of others. *Baker v. Davis,* 127 Ga. 649, 652 (57 SE 62). There is no merit in the contention that the action should have been dismissed because the evidence failed to show a claim against any resident of Jackson County.

■ It is asserted that it was error to admit in evidence certain photographs over the objection that they were not properly authenticated. The pictures were identified by Mr. Marvin Percell, Public Health Sanitarian. He stated that he personally made the pictures, that they depicted the dump used by J. D. Jewell, Inc., to bury their offal products, and truly represented the scene as he found it to be. His testimony was vague as to the dates that the pictures were made, and his testimony as to the date one picture was made was apparently contradicted by the date of development shown on the picture. The trial judge stated: "I will admit them for what they show, dates and everything." The pictures are not in the record; only a description is included.

The record does not show that the trial judge abused his discretion in allowing the pictures in evidence. *Johnson v. State,* 158 Ga. 192, 197 (123 SE 120).

■ Error is assigned on the admission of testimony by the witness Robert Collum, over the objection that it was hearsay. This witness was director of the air pollution control service for the Georgia Department of Public Health. He testified that he had made a number of inspections of the plant because of complaints registered in his office. He stated that he knew the former manager of the plant, Mr. Smith, and knew Mr. Sanders, who succeeded Mr. Smith, and that he always dealt

with the manager when he visited the plant. He testified that on one occasion when he was investigating the plant and saw matter that "was very black and odorous" and asked the manager how long it had been there, the manager said it had been there over 24 hours.

This conversation was with the plant manager (either Mr. Smith or Mr. Sanders) of the defendant corporation, acting within the scope of his employment and about the business of his employer, and the admission of this agent was properly allowed in evidence. *Code* §§ 4-315, 38-406; *Imboden v. Etowah & Battle Branch &c. Mining Co.*, 70 Ga. 86 (11); *Gray Lumber Co. v. Harris*, 127 Ga. 693 (1) (56 SE 252).

■ Error is assigned on the admission in evidence of copies of a letter written to J. D. Jewell, Inc., by a former district attorney, over the objection that the letter was not properly authenticated. The letter was written on behalf of a grand jury committee of Jackson County, and it notified the corporation that the committee had found no noticeable improvement in conditions at the plant in regard to lack of sanitation and unpleasant odors, and that action would be brought to enjoin the operation of the plant unless sufficient changes were made. The evidence was insufficient to show that the letter was received by the defendant corporation, or that it was properly addressed, stamped, and mailed to the corporation, and it was improper to admit it in evidence. *Myers v. Adcock*, 198 Ga. 180 (4) (31 SE2d 160); *First Nat. Bank of Birmingham v. Carmichael*, 198 Ga. 309, 315 (31 SE2d 811); *Carmichael Tile Co. v. McClelland*, 213 Ga. 656 (4) (100 SE2d 902).

However, the rules of evidence are not as rigidly enforced on interlocutory hearings as on final trials. The grant or refusal of an interlocutory injunction is largely within the discretion of the trial judge, and is not a final determination of the case and of the rights of the parties. Therefore, not every infraction of the rules of evidence will require a reversal when the matter is at the interlocutory stage. *Griffith v. City of Hapeville*, 182 Ga. 333 (4) (185 SE 522); *State Hwy. Bd. v. City of Baxley*, 190 Ga. 292 (2) (9 SE2d 266); *Hill v. Agnew*, 199 Ga. 644, 648 (34 SE2d 702); *Pugh v. Moore*, 207 Ga. 453 (2) (62 SE2d 153);

*S. A. Lynch Corp. v. Stone,* 211 Ga. 516 (2) (87 SE2d 57).

The trial judge admitted the copies of the letter reluctantly, apparently with grave doubt as to their admissibility. If he considered the letter, its main information was that the grand jury committee found the operation of the plant to be a nuisance, and that action would be brought if the nuisance was not abated. This evidence was not of such vital or controlling character as to influence the judgment in the case.

The injunctive order was a mild one, and the defendants were given six months within which to comply with the order requiring improvements in the sanitation of the plant. There was ample evidence, without the letter, to authorize the injunction granted, and the improper admission of the letter will not require a reversal of the judgment.

*Judgment affirmed. All the Justices concur.*