46107.   JONES v. THE STATE.

DEEN, Judge. After the motion for new trial with the previously filed brief of evidence was overruled, appellant filed his notice of appeal on November 16, 1970. The bill for costs was tendered him on November 27 but not paid until January 21, 1971, and the appeal was then mailed on January 25. The clerk

of court certified that "all records of this case have been ready for transmittal to the Court of Appeals since November 27, 1970. . . Costs were not paid until January 21, 1971. For that reason we are 45 days late with this record." Thus, the total elapsed time between the filing of the notice of appeal and the mailing of the record was 70 days, 25 of which were chargeable to the clerk and the additional 45 to the plaintiff's tardiness in paying costs.

Code Ann. §6-809 (b) as amended by Ga. L. 1968, pp. 1072, 1073 provides that "the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that such delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file pauper's affidavit."

This court held in Lake Spivey Parks v. Jones, 118 Ga. App. 60, 62 (162 SE2d 801) that under this Code section "the failure of a party to pay costs in the trial court or file pauper's affidavit is a ground for dismissal by the trial court, but not by the appellate court." That the statute does not oust the jurisdiction of the appellate court, however, becomes obvious from the subsequent case of Kilgo v. Cochran, 225 Ga. 477 (169 SE2d 818) where the appeal was dismissed under similar circumstances because of a fifteen-day delay. In an analogous situation— where the record was forwarded to this court but the costs were as a matter of fact not paid in the trial court—this court at first refused to dismiss, but, after the decision of the Supreme Court in Howard v. Mitchum, 224 Ga. 288 (161 SE2d 291) we reversed our decision and followed Howard in holding that an appeal transmitted without payment of costs must be considered inadvertently transmitted, and that the failure to pay costs was cause for dismissal. See Rogers v. International Mineral &c. Corp., 120 Ga. App. 54 (169 SE2d 659). It would be illogical to say that a case actually here although costs had not been paid in the trial court, but timely received, is subject to dismissal, but that a case held in the trial court indefinitely until costs are paid could then be brought to this court and not be subject to dismissal on motion. We must hold that a delay of 45 days over and beyond the 25-day period here chargeable to

the clerk of court is in fact unreasonable and inexcusable, nothing further appearing. In this connection, see *Williford v. General Ins. Co.,* 119 Ga. App. 1 (165 SE2d 924). Appellee's motion is granted and the case is

*Dismissed. Bell, C. J., and Pannell, J., concur.*
SUBMITTED APRIL 5, 1971—DECIDED APRIL 21, 1971.

*Howard Moore, Jr., Peter E. Rindskopf, George L. Howell,* for appellant.

*Jack J. Gautier, District Attorney, Fred M. Hasty,* for appellee.