46181. CONTINENTAL INVESTMENT CORPORATION v. CHERRY.
46182. CONTINENTAL INVESTMENT CORPORATION v. VAN HOUTEN.

ARGUED MAY 3, 1971—DECIDED OCTOBER 13, 1971— REHEARING DENIED NOVEMBER 16, 1971—

*Peek, Whaley & Haldi, Glenville Haldi, J. Robert Hardcastle,* for appellant.

*Arnall, Golden & Gregory, Cleburne E. Gregory, Jr., Alexander Cocalis, Elliott H. Levitas, Jones & Somers, John Paul Jones, Sam G. Dettelbach,* for appellees.

DEEN, Judge. ■ Defendants have moved to dismiss the appeal in this court in Case No. 46181 on the ground that an unreasonable time elapsed between the mailing by the clerk of the trial court of a second bill for costs (the initial bill having been paid and additional costs having accrued thereafter) payment for which latter was not received until thirteen days after the billing date. This court may only dismiss on such a motion when there has been "an unreasonable delay in the transmission of the record to the appellate court, and it is seen that such delay was inexcusable and was caused by the failure of a party to pay costs in the trial court." *Code Ann.* § 6-809 (b). The statute does not indicate what amount of delay will be adjudged unreasonable and inexcusable,

but this is a rule for the benefit of the appellate court and the length of time involved to reach such result must be presumed within its discretion under the circumstances of the case. It has been suggested in our previous decisions that a delay of over thirty days may prima facie be so considered. *Jones v. State,* 123 Ga. App. 672 (182 SE2d 190); *Lake Spivey Parks, Inc. v. Jones,* 118 Ga. App. 60 (1b) (162 SE2d 801). In considering whether a period of less than thirty days is unreasonable and inexcusable, this court must consider the incidence of weekends and nonjuridical days, the time consumed by mailing the bill until its receipt and mailing payment, and perhaps other extenuating circumstances if they are made to appear. The motion to dismiss is denied.

■ *Code Ann.* § 81A-109 (b) which is in the language of Rule 9 (b) of the Federal Rules of Civil Procedure requires that in all averments of fraud, the circumstances constituting the fraud must be stated with particularity. It is generally recognized that this exception to the general liberality of pleading permitted under these rules, although to be construed in pari materia with the remainder of the Act, in effect retains a long-standing rule obtaining at common law and in many states, including Georgia, and requires that *facts* must be alleged which if proved would lead clearly to the conclusion that fraud had been committed. Chicago Title & Trust Co. v. Fox Theatres Corp., 182 FSupp. 18; Kohler v. Jacobs, 138 F2d 440; Duane v. Altenburg, 297 F2d 515, 518. In the Duane case allegations that materials were available at prices far below the prices paid for materials and services, that stock was purchased at excessive prices, and general allegations of value with no showing of market value were held insufficient in an action based on fraudulent mismanagement by corporate directors. There, as here, no finger was pointed at any identifiable transaction. "The circumstances constituting the alleged fraud [must] be pleaded with sufficient definiteness to advise the adversary of the claim which he must meet." United States v. Gill, 156 FSupp. 955, 957. Conclusory statements which allege improper representation and lack of good faith must be followed by supporting facts, and catagorical assertions of fraud amounting only to conclusions are not deemed admitted by a motion to dismiss. Ru-

bens v. Ellis, 202 F2d 415, 417; Lusk v. Eastern Products Corp., 427 F2d 705. This is also the rule in Georgia, to the effect that the allegations of fraud must be specific and factual as to the acts comprising the fraud under both the present and former pleading rules. See *Diversified Holding Corp. v. Clayton McLendon, Inc.,* 120 Ga. App. 455 (2) (170 SE2d 863) and *Sellers v. Johnson,* 207 Ga. 644 (63 SE2d 904). Only after this has been done, where the point is raised, can the rule stated in *Butler v. Cochran,* 121 Ga. App. 173 (2) (173 SE2d 275) and *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260) be applied that "a motion to dismiss a complaint for failure to state a claim should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim." The trial court in the present case properly granted the plaintiff leave to amend and make his allegations of fraud more certain; where, thereafter, no facts were stated relating to any specific transactions of the defendants by time, place, amount or other identification, the mere conclusory allegations that the defendants did defraud the corporation by a course of dealing in which unspecified property was purchased too dearly or sold too cheaply, without indicating what transactions were referred to, do not meet statutory standards, and the complaint was properly dismissed on motion.

*Judgment affirmed. Bell, C. J., Jordan, P. J., Hall, P. J., Quillian and Evans, JJ., concur. Eberhardt and Pannell, JJ., dissent. Whitman, J., not participating.*

EBERHARDT, Judge, dissenting. In my view of the matter the Supreme Court has construed the provisions of Art. VI, Sec. II, Par. V, of the Constitution (*Code Ann.* § 2-3705) wherein it is provided that "No writ of error shall be dismissed because of delay in transmission of the bill of exceptions and the copy of the record, or either of them, resulting from the default of the clerk or other cause, unless it shall appear that the plaintiff in error or his counsel caused such delay," applying the provision to appeals under the Appellate Practice Act and holding that delay occasioned by appellant's failure to pay the costs to the trial clerk is ground for dismissal. *George v. American Credit Control, Inc.,* 222 Ga. 512 (150 SE2d 683); *Elliott v. Leathers,* 223 Ga. 497 (156 SE2d 440);

*Vezzani v. Vezzani,* 222 Ga. 853 (153 SE2d 161); *Mutual Federal S. & L. Assn. v. Johnson,* 223 Ga. 811 (158 SE2d 762); *Pippins v. Securities Investment Co.,* 223 Ga. 812 (158 SE2d 675).

The Act of 1968, amending the Appellate Practice Act (Ga. L. 1968, pp. 1072, 1074; *Code Ann.* § 6-809 (b)), has been considered and construed in connection with the provision of the Constitution, with the holding that delay in payment of costs resulting in delay of transmission to the appellate court remains a ground for dismissal of the appeal. Thus a delay of 9 days resulted in dismissal in *U-Haul Co. v. A Trailer & Truck Rentals,* 225 Ga. 195 (167 SE2d 135); of 15 days in *Kilgo v. Cochran,* 225 Ga. 477 (169 SE2d 818), and of 4 days in *Jacobs v. Shiver,*[1] 226 Ga. 284 (174 SE2d 415).

The decisions of the Supreme Court are binding upon this and all other courts of this State. Art. VI., Sec. II., Par. VIII (*Code Ann.* § 2-3708) of the Constitution. *Holmes v. Southern R. Co.,* 145 Ga. 172 (1) (88 SE 924, AC 1918D 1182). We have no power or authority to make a different interpretation of the Constitution or of the statutory provisions, but are bound to apply that which has been made by the Supreme Court. Since that Court has held a delay of four days beyond the time allowed by the statute of transmission by reason of the failure of appellant to pay the costs to the clerk of the trial court to be ground for dismissal of the appeal, I do not see how we can deny this motion when the record discloses a delay of 13 days beyond the statutory period. We may disagree with the Supreme Court as to whether its interpretation is the correct one, but we are not at liberty to fashion another, however logical we may deem it to be, and apply it instead. If the interpretation of the Supreme Court is wrong, the remedy is to obtain a reconsideration of the question in that court by certiorari, or by Constitutional and statutory amendment.

PANNELL, Judge, dissenting. I dissent from the ruling in the case refusing to dismiss the appeal upon the authority of the following cases: *U-Haul Co. v. A Trailer & Truck Rentals,* 225 Ga. 195 (167 SE2d 135); *Fahrig v. Garrett,* 224 Ga. 817 (165 SE2d 126); *Jacobs v. Shiver,* 226 Ga. 284 (174 SE2d 415); *Hardy v. D.*

---

[1]Ascertained from an examination of the original record.

*G. Machinery & Gage Co.,* 224 Ga. 818 (165 SE2d 127), conformed to in *D. G. Machinery & Gage Co. v. Hardy,* 119 Ga. App. 194 (166 SE2d 580). It necessarily follows that I dissent from any rulings made upon the merits of the case.

I am authorized to state that Judge Eberhardt joins in this dissent.