46686, 46718. SERVALL, INC. v. SOUTHERN CROSS INDUSTRIES, INC.; and vice versa.

EBERHARDT, Judge. Servall, Inc. filed its complaint against Southern Cross Industries, Inc., which answered, counter-

claimed, and moved for summary judgment. The trial court granted Southern Cross' motion and rendered judgment in its favor against Servall both on the main complaint and on the counterclaim.

Servall filed its notice of appeal on March 5, 1971. Because of stress of work in the clerk's office, the record was not ready for transmittal to this court until April 7, at which time the clerk billed Mr. William R. Hurst, Tranakos & Hurst, 215 Peachtree Center Building, Atlanta, Servall's counsel of record as shown on the docket and pleadings, for the costs of preparing the record for appeal. The envelope in which the bill was sent showed the clerk's return address, but as late as July 26, some 110 days later, the costs had not been paid, a pauper's affidavit had not been filed, nor had the bill or envelope been returned to the clerk. Accordingly, on July 26, Southern Cross moved in the trial court to dismiss Servall's notice of appeal pursuant to Section 13 (b) of the Appellate Practice Act (*Code Ann.* § 6-809 (b)) for failure to pay the costs or file a pauper's affidavit. As of August 23, in spite of Southern Cross' motion to dismiss the appeal filed and served some 28 days earlier, Servall had still failed to pay the costs or file a pauper's affidavit. The costs were finally paid on August 24, the motion to dismiss the appeal was denied on that date, and the appeal was transmitted to and docketed in this court on August 25, a delay of some 140 days since the bill for costs was sent to Servall's counsel.

In Case No. 46718, Southern Cross appeals with a certificate from the trial court's denial of its motion to dismiss Servall's appeal in Case No. 46686. *Held:*

Section 13 (b) of the Appellate Practice Act, as amended by Ga. L. 1968, pp. 1072, 1073 (*Code Ann.* § 6-809 (b)), provides in part as follows: "The trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that such delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file pauper's affidavit." The only excuse

offered here in defense of Servall's delinquency is a letter from William R.. Hurst to the trial court dated August 10,. some two weeks after the motion to dismiss was filed and served, in which he stated that he and Mr. Tranakos had dissolved their law partnership shortly after the filing of the notice of appeal; that Tranakos was to retain the file and pursue the matter from that point; that "a snag cropped up in the deal" when disputes broke out between the two as to the handling of files, etc.; that both lawyers had received mail in regard to the various files that they had been handling; that Hurst felt that the bill had been overlooked because of the confusion between the two lawyers in regard to their files; and that proper counsel of record was now Tranakos, whose address remained 215 Peachtree Center Building, Atlanta.

Under the circumstances of this case, there has clearly been an unreasonable, inexcusable delay in the transmission of the record to this court caused by the failure of Servall or its counsel to pay the costs. Accordingly, the appeal in Case No. 46686 must be dismissed. *George v. American Credit Control,* 222 Ga. 512 (150 SE2d 683); *Vezzani v. Vezzani,* 222 Ga. 853 (153 SE2d 161); *Mutual Fed. S. & L. Assn. v. Johnson,* 223 Ga. 811 (158 SE2d 762); *Pippins v. Securities Investment Co. of Atlanta,* 223 Ga. 812 (158 SE2d 675); *U-Haul Co. v. A Trailer & Truck Rentals,* 225 Ga. 195 (167 SE2d 135); *Kilgo v. Cochran,* 225 Ga. 477 (169 SE2d 818); *Jacobs v. Shiver,* 226 Ga. 284 (174 SE2d 415); *Jackson v. Mayor &c. of Carrollton,* 116 Ga. App. 323 (157 SE2d 500); *Williford v. General Ins. Co. of America,* 119 Ga. App. 1 (165 SE2d 924).

Since we are dismissing Servall's appeal, the matter of whether it should have been dismissed in the trial court becomes moot, and thus we also dismiss the appeal of Southern Cross.

*Appeals dismissed. Pannell, J., concurs. Hall, P. J., concurs specially. Whitman, J., not participating.*

ARGUED NOVEMBER 3, 1971—DECIDED NOVEMBER 19, 1971.

*Arthur P. Tranakos,* for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, A. Stephens Clay,* for appellee.

HALL, Presiding Judge, concurring specially. I agree that, under the circumstances of this case, there has been an unreasonable, inexcusable delay in the transmission of the record to the court caused by the failure of Servall's counsel to pay the costs. I also agree that under the decisions of the Supreme Court, the appeal "must be dismissed." However, my view of the reasons for the dismissal differs from those given in all these decisions except *George v. American Credit Control,* 222 Ga. 512 (150 SE2d 683). The *George* case is predicated upon the doctrine of "laches" under which the court may exercise its discretion to dismiss a "stale" appeal to further the administration of justice without undue delay. For the meaning of "laches," see *Citizens & Southern Nat. Bank v. Ellis,* 171 Ga. 717 (156 SE 603). Unfortunately the later decisions began to apply delay as a matter of mechanical rote and hold that these appeals "must be dismissed." This only means that the court has avoided the process of rational judging.

Applying the ratio decidendi of the *George* case and two recent opinions of this court, I concur in the dismissal of the appeal. *Buffalo Holding Co. v. Shores,* 124 Ga. App. 868; *Continental Investment Corp. v. Cherry,* 124 Ga. App. 863.