46882, 46883, 46884.   SMITH et al. v. MAYOR &c. OF LAKE CITY (three cases).

EVANS, Judge. All costs for preparing the transcript of the record shall be paid "by the appellant to the Clerk before the same shall be transmitted" to the appellate courts unless the appellant makes the pauper's affidavit. *Code*

§ 24-2729 as amended (Ga. L. 1963, p. 368). In the cases sub judice a delay of approximately 33 days (other than the 20 days authorized in which to prepare the transcript) was occasioned by the "heavy work load" in the clerk's office. Thereafter an additional 17 days delay was occasioned by the appellants' failure to pay the costs.

While the appeal is not as stale as that found in *George v. American Credit Control, Inc.,* 222 Ga. 512 (150 SE2d 683), nevertheless justice delayed for even one day is justice denied to the litigant who was successful in the lower court and who is entitled to his judgment unless the case is properly reversed. Without authority of law to prevent the finality of the lower court judgment, we have no jurisdiction to preserve an appeal filed in this court too late. The Supreme Court of this State has so held, time and again. See *Vezzani v. Vezzani,* 222 Ga. 853 (153 SE2d 161); *Winn v. Powell,* 223 Ga. 257 (154 SE2d 233); *Mutual Fed. Savings &c. Assn. v. Johnson,* 223 Ga. 811 (158 SE2d 762); *Pippins v. Securities Investment Co.,* 223 Ga. 812 (158 SE2d 675); *Fahrig v. Garrett,* 224 Ga. 817 (2) (165 SE2d 126); *U-Haul Co. v. A Trailer & Truck Rentals,* 225 Ga. 195 (167 SE2d 135); *Kilgo v. Cochran,* 225 Ga. 477 (169 SE2d 818); *Veal v. Veal,* 226 Ga. 285 (174 SE2d 435). We find nothing in *Code Ann.* § 6-809 (b) (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968, pp. 1072, 1073, 1074) to preserve our jurisdiction set by the Constitution and apparently no proceeding thereunder was held in the lower court. Nor by the above Act was the clerk's transmittal duty amended by implication (*Code Ann.* § 24-2729). In the light of the above cases we find no binding authority in *Hornsby v. Rodriguez,* 116 Ga. App. 234 (156 SE2d 830), which has not been uniformly followed by this court. See *Williford v. General Ins. Co.,* 119 Ga. App. 1 (165 SE2d 924); *Jackson v. Mayor &c. of Carrollton,* 116 Ga. App. 323 (157 SE2d 500); *Kennedy v. Savannah News-Press,* 122 Ga. App. 175 (176 SE2d 540); Compare *American Oil Co. v. McCluskey,* 116 Ga. App. 706 (1), 709 (158 SE2d 431);

*Employer's Fire Ins. Co. v. Pennsylvania Millers &c. Ins. Co.,* 116 Ga. App. 433 (1) (157 SE2d 807); *Brawner v. Martin & Jones Produce Co.,* 116 Ga. App. 324 (157 SE2d 514).

Of course, the delay did prevent the court's timely consideration of the appeal since the case would have been docketed for the January call rather than February (both January term 1972), since the docketing for the January call ended *November 19,* 1971; and the case was not received until *November 29,* 1971, placing it on the February call. However, we do not believe the delay referred to by the Supreme Court is actual delay of appellate consideration of the case but pertains to the rights of the litigants in having justice without delay, barring providential cause. While there might not be any actual delay in our consideration of the appeal, nevertheless any delay to the winning litigant prevents attainment of his judgment. True, had the clerk assumed the responsibility for the costs and sent the record up without the payment of the costs by the appellant, appellate jurisdiction would be saved. See the recent case of *J. D. Jewell v. Hancock,* 226 Ga. 480 (1) (175 SE2d 847), a full-bench decision, which holds that the appeal is, in that instance, properly before the court, not affecting "the rights of the parties litigant," but only involves the question of the clerk's breach of duty. But here the clerk did not breach his duty. Nor upon request has counsel for the appellant offered any providential cause for the delay which must be due to appellant's negligence and not an Act of God. It is the duty of counsel to see that the costs are paid.

We elect to consider the above full-bench decisions of the Supreme Court as binding authority for dismissal for laches preventing the winning party litigant from enjoying the fruits of his victory in the lower court rather than the inability of this court to review at the regular call of the case in this court (as found in the reasoning of *Williford v. General Ins. Co.,* 119 Ga. App. 1, supra, in distinguishing *Hornsby v. Rodriquez,* 116 Ga. App. 234,

supra). We find no such reasoning in the Supreme Court decisions. Accordingly, we refuse to review as we deem the judgment below to be final and not an appealable judgment.

*Appeal dismissed. Bell, C. J., and Eberhardt, J., concur.*
Argued January 31, 1972—Decided March 2, 1972—
Rehearing denied March 22, 1972.

*Albert B. Wallace,* for appellants.
*Hutcheson, Kilpatrick, Watson, Crumbley & Brown, Kenneth Kilpatrick, G. Robert Oliver,* for appellee.