## 50750. ELLIOTT v. WALTON.

MARSHALL, Judge.

Appellant seeks reversal of the trial court's order dismissing her appeal for failure to pay costs of the appeal.

The trial judge denied appellant's motion for new trial on October 31, 1974. Appellant filed a notice of appeal on November 26. The clerk of the court had the transcript and record prepared for appeal and sent a bill for costs to appellant's attorney on December 14, 1974. It was not until February 4, 1975, that appellant filed a pauper's affidavit, and, on the same date, the appellee filed a motion for the trial court to dismiss appellant's appeal pursuant to Code Ann. § 6-809 (b). Appellant filed an affidavit in opposition to the motion stating that the delay in filing the pauper's affidavit was·due to her belief

that she could raise the money to pay the costs, but found out later that she could not due to her illness and other problems. She states that she finally told her attorney that she could not raise the money and would have to file a pauper's affidavit, which she did, after experiencing some difficulty in locating a notary public. After a hearing, the trial court dismissed the appeal on the ground that the pauper's affidavit was filed too late. *Held:*

Section 13 (b) of the Appellate Practice Act, as amended by Ga. L. 1968, pp. 1072, 1073 and 1972, p. 624 (Code Ann. § 6-809 (b)) provides in part: "[T]he trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that such delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file pauper's affidavit."

Ga. L. 1963, p. 368 (Code Ann. § 24-2729) provides: "In all cases certified to the appellate courts, the costs for preparing the transcript of the record shall be paid by the appellant to the clerk before the same shall be transmitted, unless the appellant makes affidavit that he is unable to pay such costs or give security therefor."

While failure to pay court costs to the clerk of the court below before the record is transmitted to the appellate court will not result in a dismissal of the case where the record is otherwise properly transmitted (albeit inadvertently, see *J. D. Jewell, Inc. v. Hancock,* 226 Ga. 480 (1) (175 SE2d 847) overruling *Howard v. Mitcham,* 224 Ga. 288 (161 SE2d 291) and *Rogers v. International Mineral &c. Corp.,* 120 Ga. App. 54 (169 SE2d 659)), the record in this case *was never transmitted* to this court and is not now before us. "True, had the clerk assumed the responsibility for the costs and sent the record up without the payment of the costs by the appellant, appellate jurisdiction would be saved. See the recent case of *J. D. Jewell v. Hancock,* 226 Ga. 480 (1) (175 SE2d 847), a full-bench decision, which holds that the appeal is, in that instance, properly before the court, not affecting 'the rights of the parties litigant,' but only involves the question of the clerk's breach of duty. But here the clerk did not breach his duty." *Smith v. Mayor &c. of Lake City,* 125 Ga. App. 772, 774 (189 SE2d 104).

Under the circumstances presented in this case, the delay of 52 days appears to be "unreasonable" and "inexcusable" and amounts to laches of the appellant. As such, the trial court "[m]ay exercise its discretion to dismiss a 'stale' appeal to further the administration of justice without undue delay." See Judge Hall's concurring opinion in *Servall, Inc. v. Southern Cross Industries,* 125 Ga. App. 88, 91 (186 SE2d 499). See also, *Pippins v. Securities Invest. Co. of Atlanta,* 223 Ga. 812 (158 SE2d 675); *Vezzani v. Vezzani,* 222 Ga. 853 (153 SE2d 161); *George v. American Credit Control, Inc.,* 222 Ga. 512 (150 SE2d 683); *Lee v. Goldner,* 135 Ga. App. 744; *Servall, Inc. v. Southern Cross Industries,* supra; *Smith v. Mayor &c. of Lake City,* supra; *Jones v. State,* 123 Ga. App. 672 (182 SE2d 190); *Williford v. General Ins. Co. of America,* 119 Ga. App. 1 (165 SE2d 924). Cf. *Continental Invest. Corp. v. Cherry,* 124 Ga. App. 863 (1) (186 SE2d 301).

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED JUNE 2, 1975 — DECIDED SEPTEMBER 22, 1975 — REHEARING DENIED OCTOBER 21, 1975 — 

*Patterson, Parks & Franklin, Clayton Sinclair, Jr.,* for appellant.
*Richter & Birdsong, A. W. Birdsong,* for appellee.