### 55891. COUSINS MORTGAGE & EQUITY INVESTMENTS v. HAMILTON et al.
### 56042. SPENCER v. COUSINS MORTGAGE & EQUITY INVESTMENTS.
### 56043. HAMILTON v. COUSINS MORTGAGE & EQUITY INVESTMENTS.

BIRDSONG, Judge.

We have examined this case and while we would be inclined to sustain the grants of summary judgment to Cousins (see *Emerson v. Cousins Mtg. &c. Investments,* 145 Ga. App. 883 (244 SE2d 890)), we do not reach the merits of these cases because of the laches attaching to defendants below, Spencer and Hamilton.

On June 7, 1977, Cousins Mortgage & Equity Investments (CMEI) obtained summary judgments against Spencer and Hamilton based upon separate $100,000 notes executed individually by Spencer and Hamilton to CMEI. Hamilton filed a notice of appeal with the trial court on June 8, 1977 (Case No. 56043). Spencer's notice of appeal was filed on June 16, 1977 (Case No. 56042). Notices for bills of cost were mailed to the defendants' attorneys on August 26, 1977. No action was taken by either Spencer or Hamilton to pay those costs or to file a pauper's affidavit as required by Ga. L. 1965, pp. 18, 24 (Code Ann. § 6-805 (c)) and Ga. L. 1965, pp. 18, 29 (Code Ann. § 6-809 (b)) as amended. One hundred nineteen days after the entry of the summary judgments and sixty-one days after the mailing of notice of costs due CMEI, on October 27, 1977, filed motions to dismiss the appeals of both Spencer and Hamilton for unreasonable and inexcusable delay in transmitting the record to this court due to the failure to pay costs. After the passage of 49

additional days from the filing of the motion to dismiss by CMEI and 191 days after the entry of summary judgment, Spencer and Hamilton filed an answer to the motion to dismiss and tendered costs on December 15, 1977. The answer of each defendant stated that the reason costs had not been paid was because after the notices of appeals had been filed, each defendant had been criminally indicted for violations of the Georgia Securities Act. Their excuse was that while they each had adequate funds to pay costs when the notices of appeals had been filed, the additional costs in retaining an attorney to represent them in the criminal proceeding had temporarily rendered them financially unable to pay the costs in the civil suit on appeal. Notwithstanding their asserted inability to pay costs due to their temporary indigency, neither defendant filed the required pauper's affidavit. On December 16, 1977, the trial court found the explanation reasonable and denied the motion to dismiss the appeal. We are constrained to observe that notwithstanding this procedural red flag of warning, Spencer and Hamilton allowed the record to remain in the jurisdiction of the trial court yet another 70 days until the record was filed with this court on April 10, 1978. While the clerk of the superior court accepts responsibility for this last 70 days, the fact remains that the record and briefs in this case were not received in this court until 10 months after summary judgments were entered in the case. CMEI has appealed the denial of its motion to dismiss the appeals of Hamilton and Spencer (Case No. 55891). *Held:*

It is apparent that Hamilton and Spencer made a deliberate choice to abandon temporarily the appeal of their civil cases and expend their efforts and money in defense of pending criminal cases. They had a choice to seek financial relief through pauper's affidavits either in the civil case or in the criminal case. They elected to seek such relief in neither case but simply abandoned the civil appeals until forced to make a belated response to CMEI's motion to dismiss.

Based upon the above, we will hold that the appeal in this case has become stale and that Hamilton and Spencer are barred from further pursuing their appeal by the laches inherent in their cavalier conduct. *George v. Am.*

*Credit Control,* 222 Ga. 512 (150 SE2d 683). This court has suggested in its opinions that a period of more than 30 days in the transmission of the record to the appellate court may be considered as a prima facie indication of an unreasonable and inexcusable delay. *Continental Invest. Corp. v. Cherry,* 124 Ga. App. 863, 865 (186 SE2d 301); *Jones v. State,* 123 Ga. App. 672 (182 SE2d 190); *Lake Spivey Parks v. Jones,* 118 Ga. App. 60 (1b) (162 SE2d 801). In a factually similar case, *Servall, Inc. v. Southern Cross Indus.,* 125 Ga. App. 88, 90 (186 SE2d 499), we held the trial court erred in failing to grant a motion to dismiss because of the inexcusable and unreasonable delay by Servall or its counsel to pay the costs. The reason for such a rule is well stated in *Smith v. Mayor &c. of Lake City,* 125 Ga. App. 772, 774 (189 SE2d 104) where this court held: "We elect to consider the . . . decisions of the Supreme Court as binding authority for dimisssal for laches preventing the winning party litigant from enjoying the fruits of his victory in the lower court . . ." Justice delayed for even one day is justice denied to the litigant who was successful in the lower court and who is entitled to his judgment unless the case is properly reversed. *George v. Am. Credit Control,* supra; *Smith v. Mayor &c. of Lake City,* supra. The unreasonable and inexcusable six-month delay in Cases Nos. 56042 and 56043 renders those appeals stale and raised the defense of laches. In view of our conclusion concerning the appeals filed by Hamilton and Spencer, it follows as a matter of law that the trial court erred in denying CMEI's motion to dismiss the stale appeals. Therefore, the judgment in Case No. 55891 is reversed.

*In Case No. 55891, the judgment is reversed with direction to the trial court to grant the motions of Cousins Mortgage & Equity Investments to dismiss the appeals. The appeals in Cases No. 56042 and 56043 are thus rendered moot, and these appeals in this court are dismissed. Bell, C. J., and Shulman, J., concur.*

ARGUED MAY 22, 1978 — DECIDED
SEPTEMBER 14, 1978.

*Troutman, Sanders, Lockerman & Ashmore,*
*William G. McDaniel,* for Cousins Mortgage & Equity
Investments.

*Leon L. Rice, III, Jessee, Ritchie & Duncan, Jeffrey L.*
*Sakas,* for appellees (Case No. 55891).

*Jeffrey L. Sakas, Leon L. Rice, III,* for appellant
(Case No. 56042).

*Leon L. Rice, III,* for appellant (Case No. 56043).