*Douglas F. Aholt*, amicus curiae.

69098. RIDLEY v. VARNELL et al.

(325 SE2d 875)

BIRDSONG, Presiding Judge.

Dismissal of Appeal. The record before this court shows that an automobile accident between Ridley and Varnell occurred on April 16, 1981. Ridley filed a complaint pro se on April 15, 1983. In June, 1983, the defendants in that suit (appellees) filed for discovery and subsequently to compel Ridley to give answers to certain interrogatories. In August, 1983, the trial court granted a motion to compel discovery. When Ridley failed in the discovery order, appellees filed for sanctions. The trial court dismissed the complaint filed by Ridley because of his failure to obey the court's order to come forward with discovery. This dismissal occurred on November 23, 1983. On December 23, 1983, Ridley, pro se, filed a notice of appeal to the dismissal of his complaint. The clerk of court prepared the record and billed Ridley for costs on December 27, 1983. Ridley was notified of this billing on December 29, 1983.

On February 15, 1984, appellees filed a motion with the trial court to dismiss Ridley's appeal of December 23, 1983 for failure to promptly pay costs. The trial court issued a notice of hearing on March 15, 1984, said hearing to be held on April 15, 1984. This hearing was to allow Ridley to show cause why the appeal should not be dismissed with prejudice because of the alleged unreasonable and inexcusable delay in paying costs and thus delaying the perfecting of the notice of appeal.

The trial court after considering Ridley's pro se filed objections and excuses to the proposed dismissal concluded that the reasons offered were neither reasonable nor excusable and noted that Ridley still had made no offer to pay costs. The trial court therefore dismissed Ridley's appeal with prejudice on April 26, 1984, a period of 111 days after the clerk requested payment of costs. Ridley then filed a second notice of appeal with the trial court on June 12, 1984, 47 days after the order of the trial court dismissing the appeal of December 23, 1983. The appeal of June 12, 1984, sought once again to contest the dismissed appeal of November 23, 1983, as well as the order of the trial court of April 26, 1984 dismissing the first appeal. It is this last notice of appeal that is before this court. Appellees have moved to dismiss the appeal. *Held*:

The trial court in its order of April 26, 1984 expressly found that Ridley's failure to pay costs was without sufficient reason, excuse or justification and was unreasonable and dismissed the appeal of De-

cember 23, 1983.

The trial court does not err if a dismissal for delay was not considered by the court to be mandatory and the court understands not only that it has a legal discretion but exercises it. *Pickett v. Paine*, 139 Ga. App. 508, 509 (229 SE2d 90). That such a dismissal is legally proper under appropriate circumstances is beyond question. *George v. American Credit Control*, 222 Ga. 512 (150 SE2d 683); *Haynes v. City of Lake City*, 136 Ga. App. 112, 113 (220 SE2d 33). By the content of the order of April 26, 1984 by the court dismissing the appeal of December 23, 1983, it is obvious the trial court did in fact exercise its discretion. We find no abuse in that exercise. *Taylor v. Whitmire*, 234 Ga. 449, 450 (216 SE2d 310); *Cousins Mtg. &c. Investments v. Hamilton*, 147 Ga. App. 210, 212 (248 SE2d 516).

The appeal of December 1983, having been dismissed by the trial court, is not properly before this court for review. Thus, the attempt to appeal the order of December 23, 1983 is dismissed. The appeal of June 12, 1984 likewise comes too late. That appeal filed 47 days after the entry of the order was not filed within the 30 days of the entry of judgment and does not invoke the jurisdiction of this court. *Camp v. Hamrick*, 139 Ga. App. 61, 62 (228 SE2d 288); *Lewis & Sheron Enterprises v. Great A & P Tea Co.*, 136 Ga. App. 910 (222 SE2d 659).

*Appeal dismissed. Carley and Beasley, JJ., concur.*

DECIDED JANUARY 9, 1985.

Alvin Ridley, *pro se.*
*Frank M. Gleason, E. Neil Wester III, Warren N. Coppedge, Jr.,* for appellees.